IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 0 3 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MARCOS SANCHEZ, Individually and | * | |
| As Representative of the Estate of | * | |
| NELSON NAPOLEON SANCHEZ; | * | |
| AIDO MANUEL GARRIDO and IVON | * | |
| ELENA PARRA DE GARRIDO, | * | |
| Individually and As Representatives of | * | |
| The Estates of EVELIN CAROL | * | |
| GARRIDO DE SANCHEZ and DANIEL | * | |
| ENRIQUE SANCHEZ GARRIDO, a | * | |
| Minor; MAXIMILLIANO PEREZ | * | |
| CEBALLOS and PETRA MARIA | * | |
| COLMENAREZ, Individually and As | * | |
| Representative of PEDRO NORBERTO | * | |
| PEREZ COLMENAREZ | * | |
| | * | |
| VS. | * | CIVIL ACTION NO. ___B-04-080___ |
| | * | |
| GOODRICH CORPORATION f/k/a | * | JURY DEMANDED |
| B.F. GOODRICH COMPANY and | * | |
| FORD MOTOR COMPANY | * | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW FORD MOTOR COMPANY and GOODRICH CORPORATION f/k/a B. F. GOODRICH COMPANY, Defendants in the above entitled and numbered cause, and file this their Notice of Removal of the present cause from the 107th Judicial District Court of Cameron County, Texas, in which it is now pending, to the United States District Court for the Southern District of Texas, Brownsville Division, showing the Court as follows:

1.      This cause was commenced in the 107th Judicial District Court, Cameron County, Texas, on March 24, 2004, when Plaintiffs' Original Petition was filed in Cause Number 2004-03-1736-A. A copy of Plaintiffs' Original Petition is attached hereto and incorporated herein for all purposes to this Notice of Removal.

2.     Defendants Ford Motor Company and Goodrich Corporation were served with a copy of the Plaintiffs' Original Petition through the Secretary of State on April 7, 2004. Copies of the Citations served on Defendants indicating date of service are attached hereto and incorporated herein for all purposes.

3.     This is a civil action for injuries and damages allegedly incurred by Plaintiffs and Plaintiffs' decedents, in an automobile accident on March 24, 2002 in Venezuela. Plaintiffs allege causes of action against Defendants for strict liability, breach of warranty, negligence, and gross negligence.

4.     Plaintiffs allege in Plaintiffs' Original Petition that they are residents of Venezuela. Plaintiffs are therefore citizens of Venezuela.

5.     Defendant Ford Motor Company is a foreign corporation, incorporated in the State of Delaware, with its principal place of business in Michigan. Defendant Goodrich Corporation is a foreign corporation, incorporated in the State of New York, with its principal place of business in North Carolina.

6.     For the purposes of federal removal jurisdiction pursuant to 28 U.S.C. §1441, complete diversity of citizenship existed at the time this lawsuit was filed and now exists between the adverse parties in the present cause.

7.     Defendants would further show the Court that Plaintiffs' Original Petition seeks unspecified damages; however, based on the allegations and damages alleged in Plaintiffs' pleadings, Plaintiffs are seeking to recover from Defendants damages in excess of $75,000.00.

8.     Upon filing of this Notice of Removal of this cause, written notice of the filing by petitioners to Plaintiffs and their counsel has been provided as required by law. A copy of this notice is also being filed with the Clerk of the State Court in which this cause was originally filed.

9.    This Notice of Removal is timely filed in accordance with 28 U.S.C. §1446(b), in that it is filed within thirty (30) days of service of Plaintiffs' Original Petition on Defendants and within one year of the initial filing of the lawsuit.

10.    Defendant Ford Motor Company hereby requests a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Petitioners pray for removal of the above entitled and numbered cause from the 107th Judicial District Court of Cameron County, Texas to this Honorable Court.

Respectfully submitted,

RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.

By: _____
Jaime A. Saenz
State Bar No. 17514859
Southern District Admissions No. 7630
R. Patrick Rodriguez
State Bar No. 24002861
Southern District Admissions No. 22949
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANT,
FORD MOTOR COMPANY

BROWN McCARROLL LLP

By: _____
      Thomas M. Bullion III
State Bar No. 03331005
Southern District Admissions No. 14690
111 Congress Ave., Suite 1400
Austin, Texas 78701
(512) 472-5456
Fax (512) 479-1101

ATTORNEYS FOR DEFENDANT,
GOODRICH CORPORATION f/k/a
B. F. GOODRICH COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Notice of Removal was served upon all counsel of record, to-wit:

> Juan A. Gonzalez
> Law Office of Mark A. Cantu
> The Atrium
> 1300 North 10th Street, Suite 400
> McAllen, Texas 78501
> Attorneys for Plaintiffs

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 3 day of April, 2004.

_____
Jaime A. Saenz

RUN DATE 05/03/04
RUN TIME 9:44 AM

PAGE: 01

2004-03-001736-A

* * * * C L E R K ' S   E N T R I E S * * * *

MARCOS SANCHEZ, IND. & AS REP. OF THE ESTATE OF

VS

GOODRICH CORPORATION

CANTU, HON. MARK A.

(01)            03      24      04

WRONGFUL DEATH

30.00

00020004
JUAN A. GONZALEZ
1300 N 10TH ST. STE 400
MCALLEN, TEXAS          78501 0000

00001405
HON. JAIME A. SAENZ
P.O. BOX 2155
BROWNSVILLE, TX.        78522 2155

03/24/04   ORIGINAL PETITION FILED
03/24/04   JURY FEE: Pd. by JUAN A. GONZALEZ
03/30/04   CITATION SEC. OF STATE (CM): GOODRICH
           CORPORATION
03/30/04      SERVED: 04/07/04       FILED: 04/13/04
03/30/04   CITATION SEC. OF STATE (CM): FORD
           MOTOR COMPANY
              SERVED: 04/07/04       FILED: 04/13/04
04/30/04   ORIGINAL ANSWER: FORD MOTOR COMPANY
04/30/04   ORIGINAL ANSWER: GOODRICH CORPORATION

NO. 200403-1736-A

| | |
|---|---|
| MARCOS SANCHEZ, INDIVIDUALLY § | IN THE DISTRICT COURT |
| AND AS REPRESENTATIVE § | |
| OF THE ESTATE OF NELSON § | |
| NAPOLEON SANCHEZ; § | |
| § | |
| AIDO MANUEL GARRIDO AND § | |
| IVON ELENA PARRA DE GARRIDO, § | |
| INDIVIDUALLY AND AS § | |
| REPRESENTATIVES OF THE § | |
| ESTATES OF EVELIN CAROL § | |
| GARRIDO DE SANCHEZ AND § | |
| DANIEL ENRIQUE SANCHEZ § | |
| GARRIDO, A MINOR; § | |
| § | |
| MAXIMILLIANO PEREZ CEBALLOS § | |
| AND PETRA MARIA COLMENAREZ, § | |
| INDIVIDUALLY AND AS § | |
| REPRESENTATIVE OF PEDRO § | |
| NORBERTO PEREZ COLMENAREZ § | |
| § | |
| **Plaintiffs,** § | |
| § | _107_ JUDICIAL DISTRICT |
| VS. § | |
| § | |
| § | |
| GOODRICH CORPORATION F/K/A § | |
| B.F. GOODRICH COMPANY; AND § | |
| FORD MOTOR COMPANY § | CAMERON COUNTY TEXAS |
| § | |
| **Defendants.** § | |
| § | JURY TRIAL DEMANDED |

FILED ____ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK
MAR 2 4 2004
DISTRICT COURT OF CAMERON COUNTY TEXAS
DEPUTY

## PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF THIS COURT:**

Come Now Plaintiffs, Marcos Sanchez, Individually, and as Representative of the

Estate of Nelson Napoleon Sanchez; Aido Manuel Garrido, and Ivon Elena Parra De

1

Garrido, Individually and as Representatives of the Estates of Evelin Carol Garrido de Sanchez and Daniel Enrique Sanchez Garrido, a Minor; Maximilliano Perez Ceballos and Petra Maria Colmenarez, Individually and as Representatives of the Estate of Pedro Norberto Perez Colmenarez (hereinafter referred to collectively as "Plaintiffs") and complain of Defendants, Goodrich Corporation f/k/a B.F. Goodrich Company; and Ford Motor Company, and for cause of action show:

## I.
## DISCOVERY CONTROL PLAN

1. Plaintiffs intended to conduct discovery under Level 3 of Rule 190.4

## II.
## THE PARTIES

a  Plaintiff **Marcos Sanchez, Individually and as Representative of the Estate of Nelson Napoleon Sanchez,** is the surviving father currently residing in Venezuela.

b.  Plaintiff **Aido Manuel Garrido, Individually and as Representative of the Estate of Evelin Carol Garrido de Sanchez,** is the surviving father currently residing in Venezuela.

c.  Plaintiff **Ivon Elena Parra de Garrido, Individually and as Representative of the Estate of Evelin Carol Garrido de Sanchez,** is the surviving mother currently residing in Venezuela

d.  Plaintiff **Aido Manuel Garrido, as Representative of the Estate of Daniel Enrique Sanchez Garrido, a Minor** is the surviving grandfather currently residing in Venezuela.

e.  Plaintiff **Ivon Elena Parra de Garrido, as Representative of the Estate of Daniel Enrique Sanchez Garrido, a Minor** is the surviving grandmother currently residing in Venezuela.

f.  Plaintiff **Maximilliano Perez Ceballos, Individually and as Representative of the Estate of Pedro Norberto Perez Colmenarez,** is the surviving father currently residing in Venezuela.

g.  Plaintiff **Petra Maria Colmenarez, Individually and as Representative of the Estate of Pedro Norberto Perez Colmenarez,** is the surviving mother currently residing in Venezuela.

h.    Plaintiffs, Marcos Sanchez, Individually, and as Representative of the Estate of Nelson Napoleon Sanchez;  Aido Manuel Garrido and Ivon Elena Parra De Garrido, Individually and as Representatives of the Estates of Evelin Carol Garrido de Sanchez and Daniel Enrique Sanchez Garrido, a Minor; Maximilliano Perez Ceballos and Petra Maria Colmenarez, Individually and as Representatives of the Estate of Pedro Norberto Perez Colmenarez; collectively bring this suit on behalf of the Estates of Nelson Napoleon Sanchez, Evelin Carol Garrido de Sanchez, Daniel Enrique Sanchez Garrido, a Minor, and Pedro Norberto Perez Colmenarez. All individuals entitled to recover through their estates are Plaintiffs in this case.

i.    Defendant **Goodrich Corporation f/k/a B.F. Goodrich Company (hereinafter "Goodrich Tire")** is a New York corporation doing business in the State of Texas. Defendant **Goodrich Tire** may be served with process by serving its registered agent, Corporation Service Company, 701 Brazos Street, Ste. 1050, Austin, Texas 78701. Service is requested on this Defendant pursuant to Rule 106(2) of the Texas Rules of Civil Procedure, by United States Certified Mail, Return Receipt Requested.

j.    Defendant **Ford Motor Company, (hereinafter "Ford")** is a Delaware corporation with its principal place of business at American Road, Dearborn, Michigan 48216. Defendant Ford is authorized to do business in the State of Texas. It may be serve through its registered agent: CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201. Service is requested on this Defendant pursuant to Rule 106(a) (2) of the Texas Rules of Civil Procedure, by United States Certified, Return Receipt Requested.

### III.
### VENUE AND JURISDICTION

2.    All of the Plaintiffs are citizens of the Republic of Venezuela. Jurisdiction is appropriate because a substantial part of the events forming the basis for the suit occurred in the United States.

### IV.

### FACTS COMMON TO ALL CAUSES OF ACTION

3.    On **March 24, 2002**, at approximately 10:20 a.m. **Nelson Napoleon Sanchez** was driving a 1999 Green Ford Explorer, Sport Wagon (hereinafter "the Explorer"), VIN **8XDZU24X9X8 – A23356** when one of the tires **BF Goodrich Radial All-Terrain T/A, (DOT: BERP.8L 1049, LT 325/60R15 1060 M+S )** unexpectedly failed causing a loss of

control and subsequent a rollover/collision.   The accident  (hereinafter "Incident") occurred at "Autopista Regional del Centro" (Expressway), between the kilometer 110 and 111,  Maracay, Estado Aragua in Venezuela.

4.      Plaintiffs have suffered personal injuries and/or property loss occasioned by this Incident and/or assert wrongful death claims in connection with this Incident. This Incident involved a Ford Explorer. In this incident, one of the tires on the vehicle involved suddenly, unexpectedly, and completely failed.  When confronted with this emergency, which was not caused by the negligence of any Plaintiffs,  the driver was not able to maintain control of the vehicle.  The vehicle rolled over/collided with another vehicle and all of the occupants suffered injuries or death in or as a result of the Incident.

5.      The tire that catastrophically failed in the respective Incidents, **B.F. Goodrich tires**, were designed, manufactured, and distributed by Defendant **Goodrich Corporation f/k/a B.F. Goodrich Company (hereinafter referred to collectively as "Tire Defendant")**. These tires were on the subject vehicle on **March 24, 2002.**

6.      The subject tire and vehicle both were in the same or substantially similar condition as when it left the control of **Tire Defendant and Ford.**

### V.
### A. CAUSES OF ACTION AGAINST TIRE DEFENDANTS

7.      Tires at issue were designed, manufactured, assembled, and sold by **Tire Defendant**. At the time the subject vehicle was sold, Tire Defendant was in the business of designing, manufacturing and selling tires such as the subject tire. **Tire Defendant** qualifies as a "manufacturer" of the subject tire within the meaning of §82.001(4), Tex. Civ. Prac. & Rem. Code. **Tire Defendant** is liable under the doctrine of strict product liability for placing the

4

subject tire into the stream of commerce and liable for the injuries produced by the defects in the subject tire.

**Design Defect in the Subject Tire**

8.    The subject tire was defectively designed by **Tire Defendant** rendering it defective and unreasonably dangerous. This defective and unreasonably dangerous condition was the producing and proximate cause of the rollover in question and the resulting damages to Plaintiffs and the death of **Nelson Napoleon Sanchez, Evelin Carol Garrido de Sanchez, Daniel Enrique Sanchez Garrido, a Minor, and Pedro Norberto Perez Colmenarez.**

9.    Pursuant to §82.005, Tex. Civ. Prac. & Rem. Code, a safe and alternative design was economically and technologically feasible at the time the product left the control of the manufacturer and would have prevented the rollover without effecting the utility of the product.

**Manufacturing Defect in the Subject Tire**

10.    The subject tire was defective and unreasonably dangerous at the time it was manufactured and distributed by **Tire Defendant**. The subject tire came apart and/or self destructed while in operation well within its expected life use. The catastrophic failure was due to a manufacturing defect that likely resulted in a lack of permanent bond in the components and/or failure of the tire materials to properly bond. The manufacturing defect created an emergency condition that was uncontrollable given the vehicle involved. The combination of defects was a proximate and producing cause of the rollover and resulting injuries to Plaintiffs. **Tire Defendant** is strictly liable for supplying a defective and unreasonably dangerous product that resulted in severe personal injury and death.

**Marketing/Warning Defects**

5

11.    At the time, the subject tire left the possession of **Tire Defendant**, they did not have adequate warning of the products' dangers that were known by, or should have been known by **Tire Defendant**. **Tire Defendant** failed to give adequate instructions to avoid the dangers associated with its product. These failures rendered the product unreasonably dangerous as marketed. The marketing defect was a producing cause of the rollover and damages to Plaintiffs and the death of **Nelson Napoleon Sanchez, Evelin Carol Garrido de Sanchez, Daniel Enrique Sanchez Garrido, a Minor, and Pedro Norberto Perez Colmenarez.**

**Negligence**

12.    At all times relevant herein, **Tire Defendant** held itself out as having special expertise in the industry. As such, **Tire Defendant** owed Plaintiffs a duty to use reasonable care in design, manufacture, preparation, testing, instruction and warnings of the subject tire. The dangers were all reasonably foreseeable or scientifically discoverable at the time of exposure. **Goodrich's** and/or **B.F. Goodrich's** negligence and/or gross negligence proximately caused Plaintiffs' damages and the death of **Nelson Napoleon Sanchez, Evelin Carol Garrido de Sanchez, Daniel Enrique Sanchez Garrido, a Minor, and Pedro Norberto Perez Colmenarez.**

**Breach of Warranty**

13.    At all times relevant herein, **Tire Defendant** was a merchant in the business of supplying goods. As such **Tire Defendant** breached the warranties of merchantability and fitness for a particular use in that the subject tire at issue were not fit for its ordinary use or for the intended use for which it was purchase.

14.    These branches of warranty proximately resulted in the injuries and damages suffered by Plaintiffs.

**402B Misrepresentation**

15.    **Tire Defendant** misrepresented the character and quality of the tire at issue. The misrepresentations were of such a nature as to render **Tire Defendant** strictly liable for the injuries and damages to Plaintiffs, including the untimely death of **Nelson Napoleon Sanchez, Evelin Carol Garrido de Sanchez, Daniel Enrique Sanchez Garrido, a Minor, and Pedro Norberto Perez Colmenarez**. **Tire Defendant** engaged in the course of advertising, marketing and promoting this line of tires. **Tire Defendant** made false representations that included express and implied misrepresentations of material fact concerning the character and quality of the product and materials used in constructing the subject tire.

16.    The misrepresentations were made through advertising, marketing and promoting the product, the totality of which, taken as a whole, falsely misrepresented that the product was safe for use in a manner indicated by **Tire Defendant** to be suitable for consumers such as Plaintiff **Nelson Napoleon Sanchez** and the passengers in their vehicle on **March 24, 2002.**

**Willful Acts of Omissions, Gross Neglect and Malice**

17.    **Tire Defendant** committed willful acts or omissions, gross neglect and/or malice which were a proximate cause of Plaintiffs' injuries and damages herein, including the death of **Nelson Napoleon Sanchez, Evelin Carol Garrido de Sanchez, Daniel Enrique Sanchez Garrido, a Minor, and Pedro Norberto Perez Colmenarez** and for which Plaintiffs are entitled to recover punitive damages, pursuant to §41.002(a)(2) and (3) of the Texas Civil Practice and Remedies Code and Article XVI, § of the Texas Constitution.

## B. CAUSE OF ACTION AGAINST FORD

**Product Liability**

18.    The subject vehicle was originally designed, manufactured, assembled, and sold by **Ford**. At the time the subject was sold, **Ford** was in the business of designing, manufacturing and selling vehicles such as the subject vehicle. **Ford** is thus a "manufacturer" of the subject vehicle within the meaning of §82.001(4), Tex. Civ. Prac. & Rem. Code. **Ford** is liable under the doctrine of strict product liability for placing the subject vehicle into the stream of commerce and is liable for the injuries produced by the defects in the subject vehicle.

**Design and Manufacturing Defects in the Subject Vehicle**

19.    At the time the vehicle was designed, manufactured, and sold by **Ford**, it was defective in design and unreasonably dangerous. The design, marketing, and manufacturing defects in the subject vehicle rendered it defective and unreasonably dangerous, which defective and unreasonably dangerous condition was a producing cause of the Plaintiffs' injuries and damages sought herein. Further, at the time the subject vehicle was sold, the defective design caused the product to unexpectedly fail to function and/or operate in a manner reasonably expected by an ordinary consumer and by the users of the subject vehicle.

20.    At the time the subject vehicle left the possession of **Ford**, it was defective in manufacture because it was an unreasonably dangerous product. The product was dangerous to an extent beyond that which would be contemplated by the ordinary user of the product with ordinary knowledge common to the community as to the product's characteristics. The defective and unreasonably dangerous manufacture of the vehicle was a producing cause of the Plaintiffs' injuries and damages sought herein.

8

21.    Pursuant to §82.005, Tex. Civ. Prac. & Rem. Code, a safer alternative design was economically and technologically feasible at the time the subject vehicle left the control of **Ford** and would have prevented injuries described herein.

**Marketing/Warning Defects-**

22.    At the time the subject vehicle left the possession of **Ford**, it did not have adequate warnings of the product's dangers that were known by, or should have been known by **Ford**. Ford failed to give adequate instructions to avoid the dangers associated with its product. This failure rendered the product unreasonably dangerous as marketed. The marketing defect was a producing cause of the rollover and damages to Plaintiffs and the untimely death of **Nelson Napoleon Sanchez, Evelin Carol Garrido de Sanchez, Daniel Enrique Sanchez Garrido, a Minor, and Pedro Norberto Perez Colmenarez.**

**Negligence**

23.    Ford committed acts of omission and commission, which collectively and severally constituted negligence, which were a proximate cause of the injuries and damages to Plaintiffs and the untimely death of **Nelson Napoleon Sanchez, Evelin Carol Garrido de Sanchez, Daniel Enrique Sanchez Garrido, a Minor, and Pedro Norberto Perez Colmenarez.** At all times relevant herein, Defendant **Ford** was in the business of manufacturing vehicles for use on public roadways. **Ford** held itself out as having special expertise in the industry. As such, **Ford** owed Plaintiffs a duty to use reasonable care in the design, manufacture, preparation, testing, instruction and warnings of the subject vehicle. The dangers were all reasonably foreseeable or scientifically discoverable at the time of exposure. **Ford's** negligence and/or gross negligence proximately caused Plaintiffs' damages and the death of **Nelson Napoleon Sanchez, Evelin**

9

Carol Garrido de Sanchez, Daniel Enrique Sanchez Garrido, a Minor, and Pedro Norberto Perez Colmenarez.

**Breach of Warranty**

24.    At all times relevant herein, Defendant Ford was a merchant in the business of supplying goods. As such Ford breached the warranties of merchantability and fitness for a particular use in that the subject vehicle at issue was not fit for its ordinary use or for the intended use for which it was purchased.

25    These breaches of warranty proximately resulted in the injuries and damages suffered by Plaintiffs.

**402B Misrepresentation**

26.    Ford misrepresented the character and the quality of the subject vehicle. The misrepresentations were of such a nature as to render Ford strictly liable for the injuries and damages to Plaintiffs, including the death of **Nelson Napoleon Sanchez, Evelin Carol Garrido de Sanchez, Daniel Enrique Sanchez Garrido, a Minor, and Pedro Norberto Perez Colmenarez.** Ford engaged in the course of advertising, marketing and promoting this line of vehicles. Ford made false representations that included express and implied misrepresentations of material fact concerning the character and quality of the product and materials used in constructing the subject vehicle.

27    The misrepresentations were made through advertising, marketing and promoting the product, the totality of which, taken as a whole, falsely misrepresented that the product was safe for use in the manner indicated by Ford to be suitable for consumers such as Plaintiff **Nelson Napoleon Sanchez, Deceased** and the passengers in his vehicle on March 24, 2002.

10

**Willful Acts of Omissions, Gross Neglect and Malice**

28.    Ford committed willful acts or omissions, gross neglect and/or malice which were a proximate cause of Plaintiffs' injuries and damages herein, including the death of **Nelson Napoleon Sanchez, Evelin Carol Garrido de Sanchez, Daniel Enrique Sanchez Garrido, a Minor, and Pedro Norberto Perez Colmenarez** and for which Plaintiffs are entitled to recover punitive damages, pursuant to §41.003(a)(2) and (3) of the Texas Civil Practice and Remedies Code and Article XVI, §26 of the Texas Constitution.

**Damages**

29.    Plaintiffs **Marcos Sanchez, Individually, and as Representative of the Estate of Nelson Napoleon Sanchez; Aido Manuel Garrido and Ivon Elena Parra De Garrido, Individually and as Representatives of the Estates of Evelin Carol Garrido de Sanchez and Daniel Enrique Sanchez Garrido, a Minor; Maximilliano Perez Ceballos and Petra Maria Colmenarez, Individually and as Representatives of the Estate of Pedro Norberto Perez Colmenarez** are within the specified class of persons authorized to bring this action pursuant to the Texas Wrongful Death Statute, § 71.001, *et seq.*, Tex. Civ. Prac. & Rem. Code, and the Texas Survival Statute §71.021, *et seq.*, Tex. Civ. Prac. & Rem. Code and seek all elements of damages and remedies provided under the law.

30.    As a proximate and producing result of the conduct of Defendants, Plaintiffs **Marcos Sanchez, Individually, and as Representative of the Estate of Nelson Napoleon Sanchez; Aido Manuel Garrido and Ivon Elena Parra De Garrido, Individually and as Representatives of the Estates of Evelin Carol Garrido de Sanchez and Daniel Enrique**

11

Sanchez Garrido, a Minor; Maximilliano Perez Ceballos and Petra Maria Colmenarez, Individually and as Representatives of the Estate of Pedro Norberto Perez Colmenarez have suffered serious personal injuries and other damages. These Plaintiffs are seeking monetary damages from the Defendants to compensate them for the following elements of damages:

a.    Past and future medical expenses:

b.    Past and future loss of earning capacity;

c.    Past and future physical pain and suffering;

d.    Past and future disfigurement;

e.    Past and future loss of companionship and society;

f.    Past and future mental anguish;

g.    Past and future physical impairment;

h.    Past and future loss of consortium;

i.    Past and future loss of household services;

j.    Exemplary damages; and

k.    Property damage.

## XI

**Pre-And Post-Judgment Interest –**

31.    Plaintiffs seek recovery of such pre- and post-judgment rest as permitted by law.

## PRAYER

WHEREFORE, Plaintiffs pray that Defendants be cited to appear and answer herein, that this cause be set for trial, and that Plaintiffs recover judgment of and from Defendants for actual damages, together with prejudgment interest, post-judgment interest, and cost of suit, exemplary damages and other general relief to which they may be entitled.

12

**LAW OFFICE OF MARK A CANTU**
The Atrium
1300 N. 10th Street, Ste. 400
McAllen, Texas 78501
Telephone: (956) 687-8181
Fax: (956) 687-8868


By:

     **JUAN A. GONZALEZ**
     Attorney in Charge
     State Bar No. 08129310
**ATTORNEY-IN-CHARGE FOR
PLAINTIFFS**

13

Citation for Personal Service  - BY CERTIFIED MAIL    Lit. Seq. # 5.006.01

No. 2004-03-001736-A

**ORIGINAL**

THE   STATE   OF   TEXAS

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: GOODRICH CORPORATION
    SERVING ITS REGISTERED AGENT
    CORPORATION SERVICE COMPANY
    701 BRAZOS ST.,STE. 1050
    the        DEFENDANT      , BY SERVING IN DUPLICATE  COPIES TO THE
    SECRETARY OF STATE (STATUTORY DOCUMENTS)
    P. O. BOX 12079 AUSTIN, TX  78711-2079                    , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20

days after the date of service of this citation before the Honorable District

Court 107th Judicial District of Cameron County, Texas at the Courthouse of said

county in Brownsville, Texas.  Said _____ PETITION _____ was filed on

  MARCH 24 , 2004  .  A copy of same accompanies this citation.

The file number of said suit being No. 2004-03-001736-A.

The style of the case is:

MARCOS SANCHEZ, IND. & AS REP. OF THE ESTATE OF
VS.
GOODRICH CORPORATION

Said petition was filed in said court by _____ JUAN A. GONZALEZ _____

(Attorney for _____ PLAINTIFF _____ ), whose address is

1300 N 10TH ST. STE 400 MCALLEN, TEXAS  78501           .

    The nature of the demand is fully shown by a true and correct copy of the

Petition accompanying this citation and made a part hereof.

    The officer executing this writ shall promptly mail the same according to

requirements of law, and the mandates thereof, and make due return as the law

directs.

    Issued and given under my hand and seal of said Court at Brownsville,

Texas, this the 30th day of ___MARCH___ , A.D. 2004.

                        AURORA DE LA GARZA      DISTRICT CLERK
                        Cameron County, Texas
                        974 E. Harrison St.
                        Brownsville, Texas 78521
                        By: _____              Deputy

SCANNED
APR 0 6 2004

CERTIFICATE OF DELIVERY OF MAIL

I hereby certify that on the 30th of

MARCH  2004, I mailed to

GOODRICH CORPORATION

by registered mail or certified mail, with
delivery restricted to addressee only,
return receipt requested, a true copy of
this citation with a copy of the petition
attached hereto.

CERTIFIED MAIL NO.    20895029
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

AURORA DE LA GARZA          District Clerk
Cameron County, Texas

By: _____ Deputy



itation for Personal Service  - BY CERTIFIED MAIL    Lit. Seq. # 5.007.01

No. 2004-03-001736-A                **COPY**

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If ou or your attorney do not file a written answer with the clerk who issued this itation by 10:00 a.m. on the Monday next following the expiration of twenty ays after you were served this citation and petition, a default judgment may be aken against you.

O: FORD MOTOR COMPANY _____
   SERVING ITS AGENT CT CORP.SYS _____
   350 N. ST. PAUL ST. _____
   DALLAS, TEXAS 75201 _____
   the     DEFENDANT     , BY SERVING IN DUPLICATE  COPIES TO THE
   SECRETARY OF STATE (STATUTORY DOCUMENTS)
   P. O. BOX 12079 AUSTIN, TX  78711-2079 _____ , GREETING:

You are commanded to appear by filing a written answer to the

LAINTIFF'S ORIGINAL PETITION _____

_____

t or before 10:00 o'clock a.m. of the Monday next after the expiration of 20

ays after the date of service of this citation before the Honorable District

ourt 107th Judicial District of Cameron County, Texas at the Courthouse of said

ounty in Brownsville, Texas.  Said _____PETITION_____ was filed on

_MARCH 24, 2004_ .  A copy of same accompanies this citation.  **RECEIVED**
                                                              **SECRETARY OF STATE**
he file number of said suit being No. 2004-03-001736-A.          **APR 07 2004**
                                                                  **2:30 PM**
he style of the case is:                                     **CITATIONS UNIT**

           MARCOS SANCHEZ, IND. & AS REP. OF THE ESTATE OF
                              VS.
                    GOODRICH CORPORATION _____

aid petition was filed in said court by _____ JUAN A. GONZALEZ _____.

(Attorney for


CT System

**Service of Process Transmittal Form**

**Dallas, Texas**

**04/12/2004**

*N95672*

TO:  Chris Dzbanski
Ford Motor Company
Three Parklane Blvd., Ste.1400 West
Dearborn, MI  48126

Phone: (313) 248-6864 ex:
FAX: (888) 868-8312
EMAIL: CDZBANSK@FORD.COM

RE:    **PROCESS SERVED IN TEXAS**

**FOR**     Ford Motor Company Domestic State: De

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **1. TITLE OF ACTION:** | Marcos Sanchez et al  vs Goodrich Corporation fka B.F. Goodrich Company and Ford Motor Company |
| **2. DOCUMENT(S) SERVED:** | Cover Letter from Secretary of State of Texas dated April 9, 2004, Citation, Original Petition |
| **3. COURT:** | 107th Judicial District of Cameron County
Case Number 2004031736A |
| **4. NATURE OF ACTION:** | The 2999 Green Ford Explorer, Sport, vin 8XDZU24X9X8 - A23356 was equipped with FB Goodrich Radial All-Terrain T/A which unexpectedly failed causing rolled and resulted in death |
| **5. ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Dallas, Texas |
| **6. DATE AND HOUR OF SERVICE:** | By Certified mail on 04/12/2004 with Postmarked Date 04/09/2003 |
| **7. APPEARANCE OR ANSWER DUE:** | 10:00 a.m. Monday next after expiration of 20 days |
| **8. ATTORNEY(S):** | Law Office of Mark A Cantu
The Atrium
1300 N. 10th Street, Ste 400
McAllen, TX  78501 |
| **9. REMARKS:** | Secretary of State of Texas rec'd papers April 7, 2004
i-Note sent 04/12/2004 to CDZBANSK@FORD.COM |

OFFICE OF THE
GENERAL COUNSEL
'04 APR 14 AM :24
RIGHT OF
PRACTICE OF

| | |
|---|---|
| **SIGNED** | CT Corporation System |
| **PER** | Beatrice Casarez /BP |
| **ADDRESS** | 350 North St. Paul Street
Dallas, TX  75201
SOP WS 0006220043 |

Information contained on this transmittal form is recorded for C T Corporation System's record keeping purposes only and to permit quick reference for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information that can be obtained from the documents themselves. The recipient is responsible for interpreting the documents and for taking the appropriate action.

# The State of Texas



Citations Unit
P.O. Box 12079
Austin, Texas 78711-2079

Phone: 512-463-5560
Fax: 512-463-6616
TTY (800) 735-2989
www.sos.state.tx.us

## Secretary of State

April 9, 2004

Ford Motor Company
Its Agent CT Corp Sys
350 N St Paul St
Dallas, TX 75201

> **2004-092225-2**
> Include reference number in
> all correspondence

RE:  Marcos Sanchez, Ind & As Rep of The Estate of VS Goodrich Corporation
     107th Judicial District Court Of Cameron County, Texas
     Cause No: 200403001736A

Dear Sir/Madam,

Pursuant to the Laws of Texas, we forward herewith by CERTIFIED MAIL, return receipt
requested, a copy of process received by the Secretary of State of the State of Texas on April
7, 2004.

CERTIFIED MAIL #71603901984809589052

Refer correspondence to:

Juan A. Gonzalez
Law Office of Mark A. Cantu
The Atrium
1300 N. 10th St Suite 400
McAllen, TX 78501e

Sincerely,

*Helen Lupercio*

Helen Lupercio
Supervisor, Citations Unit
Statutory Documents Section

hl/vb
Enclosure

## CAUSE NO. 2004-03-1736-A

| | | |
|---|---|---|
| MARCOS SANCHEZ, Individually and | * | IN THE DISTRICT COURT |
| As Representative of the Estate of | * | |
| NELSON NAPOLEON SANCHEZ; | * | |
| AIDO MANUEL GARRIDO and IVON | * | |
| ELENA PARRA DE GARRIDO, | * | |
| Individually and As Representatives of | * | |
| The Estates of EVELIN CAROL | * | |
| GARRIDO DE SANCHEZ and DANIEL | * | |
| ENRIQUE SANCHEZ GARRIDO, a | * | |
| Minor; MAXIMILLIANO PEREZ | * | |
| CEBALLOS and PETRA MARIA | * | |
| COLMENAREZ, Individually and As | * | |
| Representative of PEDRO NORBERTO | * | |
| PEREZ COLMENAREZ | * | |
| | * | |
| VS. | * | CAMERON COUNTY, TEXAS |
| | * | |
| GOODRICH CORPORATION f/k/a | * | |
| B.F. GOODRICH COMPANY and | * | |
| FORD MOTOR COMPANY | * | 107th JUDICIAL DISTRICT |



FILED ___ 3:40 ___ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK
APR 3 0 2004
DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

## DEFENDANT FORD MOTOR COMPANY'S MOTION TO TRANSFER VENUE, AND SUBJECT THERETO, MOTION TO DISMISS UNDER THE DOCTRINE OF FORUM NON CONVENIENS, ORIGINAL ANSWER, AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW FORD MOTOR COMPANY, Defendant in the above entitled and numbered cause, and, prior to filing its Original Answer and Jury Demand in this cause, files this its Motion to Transfer Venue, pursuant to Section 15.002 of the Texas Civil Practices & Remedies Code and Rule 86 of the Texas Rules of Civil Procedure, and in support thereof would show the Court as follows:

### MOTION TO TRANSFER VENUE

### I.

Defendant objects to venue in Cameron County, Texas, on the ground that said county is not a county where venue of this action is proper, and no basis exists mandating or permitting venue of the action in said county. Cameron County is not a

county of proper venue because Defendant does not have a principal office in Cameron County, the cause of action did not accrue in Cameron County, and no mandatory or permissive exception authorizes the maintenance of the action against Defendant in Cameron County.

## II.

Defendant would further show the Court that Defendant is a foreign corporation, with its principal office in Michigan. The venue provision of Tex. Civ. Prac. & Rem. Code §15.002 states that all lawsuits shall be brought:

(1)     In the county in which all or a substantial part of the events or omissions giving rise to the claim occurred; or

(2)     In the county of defendant's residence at the time the cause of action accrued if defendant is a natural person; or

(3)     In the county of the defendant's principal office in this state, if the defendant is not a natural person; or

(4)     If (1), (2), and (3) do not apply, in the county in which the plaintiff resided at the time of the accrual of the cause of action.

## III.

Defendant would state that Plaintiffs have failed to set forth any facts or statements alleging that venue is proper in Cameron County, Texas. To the extent that Plaintiffs' Original Petition contains venue allegations, Defendant specifically denies same. Defendant further specifically denies that "jurisdiction is appropriate because a substantial part of the events forming the basis for the suit occurred in the United States" as alleged in Plaintiffs' Original Petition. Defendant would show that, if a cause of action against it exists, which is denied, the cause of action does not exist in Cameron County. Defendant further denies that it had a principal office in Cameron County as that term is defined by Tex. Civ. Prac. & Rem. Code §15.001, at the time this action was

instituted or at any time relevant to this cause of action. Upon information and belief, Defendant also specifically denies that the events giving rise to the claims alleged in Plaintiffs' Original Petition occurred in Cameron County, Texas, but rather in Venezuela.

IV.

Defendant further avers that venue is proper in Dallas County, Texas, in that it is the county where this Defendant has a principal office in this state for purposes of venue under Texas law.

V.

Defendant requests that this action be transferred to a district court of Dallas County, Texas.

WHEREFORE, Defendant requests that this Court grant Defendant's motion to transfer venue and transfer such cause to Dallas County, taxing costs incurred herein against Plaintiffs; and that Defendant have such other and further relief to which it may show itself justly entitled to receive.

## MOTION TO DISMISS SUBJECT TO MOTION TO TRANSFER VENUE

COMES NOW FORD MOTOR COMPANY (hereinafter referred to as "Ford"), Defendant in the above entitled and numbered cause, and, subject to and without waiving its Motion to Transfer Venue, files this its Motion to Dismiss Under the Doctrine of Forum Non Conveniens, and in support thereof would show the Court as follows:

VI.

On or about March 24, 2004 Plaintiffs filed this lawsuit against Ford to recover for personal injuries sustained in an automobile accident which allegedly occurred in Venezuela. Ford moves to dismiss this case, in its entirety, under the doctrine of *forum*

*non conveniens.* In the interest of justice, this cause of action would be more properly heard in Venezuela, where the accident giving rise to this lawsuit occurred.

Accordingly, Ford prays that the Court decline to exercise jurisdiction under the doctrine of *forum non conveniens* and dismiss or stay the claims herein, on any conditions allowed by Tex. Civ. Prac. & Rem. Code §71.051.

## ORIGINAL ANSWER SUBJECT TO MOTION TO TRANSFER VENUE AND MOTION TO DISMISS UNDER THE DOCTRINE OF FORUM NON CONVENIENS

COMES NOW FORD MOTOR COMPANY, Defendant in the above entitled and numbered cause, and, subject to and without waiving its Motion to Transfer Venue and Motion to Dismiss Under the Doctrine of Forum Non Conveniens, files this its Original Answer and Jury Demand in response to Plaintiffs' Original Petition, and in support thereof, would show the Court as follows:

### VII.

### GENERAL DENIAL

Defendant Ford Motor Company herein avails itself of the opportunity provided by Rule 92 of the Texas Rules of Civil Procedure to file a general denial herein; and in compliance with said Rule, Defendant denies each and every, all and singular, the material allegations contained in Plaintiffs' currently pending Petition, and states that these are matters that should be proven by Plaintiffs as required by law; and Defendant would require strict proof thereof.

## VIII.

### AFFIRMATIVE DEFENSES

8.01   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiffs' claims are barred, in whole or in part, due to the contributory and/or comparative negligence of Plaintiffs and/or Plaintiffs' decedent, Nelson Napoleon Sanchez in that they failed to exercise ordinary care, caution and prudence to avoid the incident and injuries at issue.  Plaintiffs' and/or Plaintiffs' decedent's acts and omissions, whether taken together or separately, proximately caused the injuries and damages to Plaintiffs which are alleged in Plaintiffs' petition.

8.02   For further answer, if such be necessary, and pleading in the alternative, Defendant further alleges that in accordance with Texas Civil Practice and Remedies Code §33.013, a defendant may not be held jointly and severally liable for any amount of damages claimed herein unless the percentage of that defendant's responsibility, when compared with that of each responsible party, settling party and each responsible third party is greater than fifty percent (50%).  Accordingly, Defendans specifically denies any claims for the imposition of joint and several liability against any of them.

8.03   For further answer, if such be necessary, and pleading in the alternative, Defendant alleges that this case is governed by the 1995 Tort Reform Amendments and 2003's HB4.  As a consequence:

a.     Plaintiffs may not recover any amount of damages if their percentage of responsibility (or that of their decedent) is greater than fifty percent (50%), regardless of the theory of recovery pled.  Tex.Civ.Prac. & Rem. Code §33.001.

b.     Plaintiffs may not be awarded exemplary damages unless they establish by clear and convincing evidence that Defendant acted with malice, which Defendant

denies. Tex.Civ.Prac. & Rem. Code §41.003. Defendant further request that the jury be instructed as required by Tex.Civ.Prac. & Rem. Code §41.012 with respect to any claim for exemplary damages, assuming such a claim should be submitted to the jury, which Defendant denies.

c.    In the unlikely event of any exemplary damage award, Defendant further invokes the provisions of Tex.Civ.Prac. & Rem. Code §41.008 limiting any award of exemplary damages to either $200,00.00 or two times the amount of "economic damages," as defined by statute, plus an amount equal to any non-economic damages found by the jury, but not to exceed $750,000.00.

8.04   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiffs' proof with respect to all "design defect" allegations is governed by statute.   Tex.Civ.Prac. & Rem. Code §82.005. Plaintiffs must prove by a preponderance of the evidence (1) there was a "safer alternative design," as that term is statutorily defined, and (2) the defect was a producing cause of the personal injury, property damage, or death for which the claimant seeks recovery.  Defendant requests that the jury be instructed on all statutorily required elements of a "design defect case."

8.05   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that if Plaintiffs were damaged as alleged, which is not admitted but is expressly denied, such damages were the result of an unavoidable accident.

8.06   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the act or omission of a person other than Defendant was the sole proximate cause of the accident in question.

8.07   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that if Plaintiffs were injured as alleged, which is not admitted but is expressly denied, such injuries were caused or contributed to, in whole or in part, by a party for whom Defendant is not responsible.

8.08   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the acts or omissions of Plaintiffs, Plaintiffs' decedent Nelson Napoleon Sanchez, or other third parties were the sole proximate cause or a new and independent cause of the accident and injuries complained of in this lawsuit.

8.09   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the warranties and exclusions of warranties offered when the vehicle in question was purchased limited the liability of the sellers and manufacturers to their provisions, and Plaintiffs' allegations of damages exceed the scope of those warranties and exclusions.

8.10   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiffs' claims are barred, in whole or in part, to the extent that the jury finds that Plaintiffs failed to mitigate the effect of their alleged injuries and damages as required by law.

8.11   For further answer if such be necessary, and pleading in the alternative, Defendant further relies upon its rights in the event the evidence shows any spoliation of evidence by any party.

8.12   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the damages in this case, if any, were proximately caused by the negligence of third parties and any recovery should be barred or diminished under the applicable provisions of the law.

8.13   For further answer, if such be necessary, and pleading in the alternative, Defendant further invokes the provisions of §33.013 of the Texas Civil Practices & Remedies Code in the unlikely event that liability is established by the Plaintiffs in this cause.

8.14   For further answer, if such be necessary, and pleading in the alternative, Defendant further specifically denies that it is liable for prejudgment interest in this cause of action as pled by Plaintiffs, in a good faith argument for the modification or reversal of existing law.

8.15   For further answer, if such be necessary, and pleading in the alternative, Defendant further specifically pleads the limitation of recovery of exemplary damages as set forth in Section 41.008, et seq. of the Texas Civil Practice & Remedies Code.

8.16   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively denies that it is liable for exemplary damages and pleads affirmatively the provisions of Chapter 41, of the Texas Civil Practices & Remedies Code, including the provisions on applicability, standards for recovery, preclusions, prejudgment interest, and limitations on amount.

8.17   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively states that an award of punitive damages in this case would violate the procedural due process guaranteed by the Constitution of the United States. Texas Law, and the instructions given to the jury, are vague and standardless as to whether and how much to punish a defendant, and are likely to produce arbitrary and capricious results. Therefore, any award of punitive damages should be disallowed, or declared null and void.

8.18   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that in the event any issue respecting punitive

damages is submitted to the jury, Defendant is entitled to have and do hereby request that the jury be instructed that under the principles of state sovereignty and comity as declared by the United States Supreme Court that neither a state court nor a state court jury may impose economic sanctions for alleged violations of state laws with the intent of changing the defendant's conduct in other states. Any such award, or even consideration by the jury, would furthermore violate the commerce clause, and as a specific consequence (but not limited to same), the jury cannot consider the total sales of this model year vehicle in any State but Texas.

8.19   For further answer, if such be necessary, and pleading in the alternative, Defendant alleges that the applicable choice-of-law standards require that the punitive damage demands against it be determined under the law of Michigan, as Defendant's principal place of business and the purported location of the alleged misconduct that would be punished by any punitive damages award. Under Michigan law, "it is well established that generally only compensatory damages are available and that punitive sanctions may not be imposed." *McAuley v. General Motors Corp.* 578 N.W.2d 282, 285 (Mich. 1998). Pursuant to Tex.R. Evid. 202, Defendant requests that the Court take judicial notice of the law of Michigan in this regard, and apply the law of Michigan with respect to any Plaintiffs' punitive damage demand.

8.20   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiffs are not entitled to exemplary or punitive damages as alleged, for the reason that exemplary damages are unconstitutional and violative of the provisions of the United States Constitution and the Texas Constitution, including but not limited to the following provisions:

(a)   Proscription on excessive fines.   U. S. Constitution Amendment 8; Texas Constitution Article I, Section 13.

(b)     <u>Requirements of Due Process</u>. U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 13 and 19.

(c)     <u>Requirement of Equal Protection Under the Law</u>.  U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 3 and 3a.

(d)     <u>Proscription on Ex Post Facto and Retroactive Law</u>.  U. S. Constitution Article I, Section 10; Texas Constitution Article I, Section 16.

(e)     Such punitive damages are penal in nature.  Under Texas law, they are not tied to any fair, just, and reasonable relation to actual damages. Consequently, exemplary damages violate the contract clause of the U. S. Constitution, U. S. Constitution Article I, Section 10.

8.21  For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the exemplary damages, if any, assessed in this case be limited in accordance with the guidelines set forth in *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996), and *State Farm v. Campbell*, 123 S.Ct. 1513 (2003), the due process and excessive fines clauses of the United States and Texas Constitutions.

## IX.

### JURY DEMAND

Subject to and without waiving its Motion to Transfer Venue, Defendant hereby requests a trial by jury and tenders the jury fee herewith.

WHEREFORE, Defendant Ford Motor Company prays that upon final trial and hearing hereof, it have judgment in accordance with the law and facts as found by this Honorable Court and Jury, and for such other and further relief, legal or equitable, general or special, to which it may show itself justly entitled to receive.

Respectfully submitted,

RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.

By: _____
     Jaime A. Saenz   w/ permission
     State Bar No. 17514859   McArtair
       R. Patrick Rodriguez   SBOT 0463 1400
     State Bar No. 24002861
     1201 East Van Buren
     Post Office Box 2155
     Brownsville, Texas 78522
     (956) 542-7441
     Fax (956) 541-2170

ATTORNEYS FOR DEFENDANT,
FORD MOTOR COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant Ford Motor Company's Motion to Transfer Venue, and Subject Thereto, Motion to Dismiss Under the Doctrine of Forum Non Conveniens, Original Answer, and Jury Demand was served upon all counsel of record, to-wit:

> Juan A. Gonzalez
> Law Office of Mark A. Cantu
> The Atrium
> 1300 North 10th Street, Suite 400
> McAllen, Texas 78501
> Attorneys for Plaintiffs

by certified mail, return receipt requested, facsimile transmission, and/or hand delivery pursuant to the Texas Rules of Civil Procedure on this the 30th day of April, 2004.

_____
Jaime A. Saenz

CAUSE NO. 2004-03-1736-A

FILED ___ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

APR 3 0 2004

AURORA DE LA GARZA, DISTRICT CLERK CAMERON COUNTY, TEXAS
_____ DEPUTY

MARCOS SANCHEZ, INDIVIDUALLY AND, §
AS REPRESENTATIVE OF THE ESTATE OF §
NELSON NAPOLEON SANCHEZ, et al. §
§
VS. §
§
GOODRICH CORPORATION F/K/A §
B.F. GOODRICH COMPANY; AND §
FORD MOTOR COMPANY §

IN THE DISTRICT COURT

OF CAMERON COUNTY, TEXAS

107TH JUDICIAL DISTRICT

### GOODRICH CORPORATION'S MOTION TO DISMISS UNDER THE DOCTRINE OF *FORUM NON CONVENIENS*, PLEA AGAINST CAPACITY, SPECIAL EXCEPTIONS, ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION, AND RELIANCE UPON JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Goodrich Corporation ("Goodrich") one of the defendants in the above-styled and numbered cause, and concurrently with or before the filing of any other plea, pleading, or motion, files this Motion to Dismiss Under the Doctrine of *Forum Non Conveniens*, Plea Against Capacity, Special Exceptions, Original Answer to Plaintiffs' Original Petition, and Reliance Upon Jury Demand, and would show the Court as follows:

## I. MOTION TO TRANSFER VENUE

1.     Goodrich denies that venue is proper in Cameron County, Texas, the county of suit. Goodrich specifically denies the venue allegations in paragraph III of Plaintiffs' Original Petition. In particular, Goodrich denies that a substantial part of the events giving rise to the claims occurred in the United States and more particularly in Cameron County. Goodrich demands strict proof of all venue facts as required by TEX. R. CIV. P. 87(3).

2.     Goodrich requests that this case be transferred to Dallas County, Texas. The legal and factual basis for this motion to transfer venue from Cameron County to Dallas County is that Defendant Ford Motor Company's principal office at the time of the accident was located in

Dallas County, Texas, as the term "principal office" is statutorily defined. TEX. CIV. PRAC. & REM. CODE § 15.001(a). Accordingly, Dallas County is a county of proper venue. TEX. CIV. PRAC. & REM. CODE § 15.002(a)(3).

Request to Transfer

For the reasons set forth above, Goodrich respectfully asks that the Court transfer this case to Dallas County and would show the Court that Dallas County is a county of proper venue.

## II.  SUBJECT TO ITS MOTION TO TRANSFER VENUE, GOODRICH CORPORATION'S MOTION TO DISMISS UNDER THE DOCTRINE OF *FORUM NON CONVENIENS*

COMES NOW Goodrich Corporation ("Goodrich"), a defendant in the above-styled and numbered cause, and, subject to its Motion to Transfer Venue, files this its Motion to Dismiss Under the Doctrine of *Forum Non Conveniens,* and would respectfully show the Court the following:

1.    Plaintiffs filed this lawsuit to recover damages allegedly sustained due to an automobile crash that allegedly occurred on  March 24, 2002 in Venezuela. Goodrich moves to dismiss this case, in its entirety, under the doctrine of *forum non conveniens*. In the interests of justice, this cause of action would be more properly heard in Venezuela, where Plaintiffs resides and where the crash giving rise to this lawsuit occurred.

2.    Accordingly, Goodrich prays that the Court decline to exercise jurisdiction under the doctrine of *forum non conveniens* and dismiss or stay the claims herein on any conditions allowed by TEX. CIV. PRAC. & REM. CODE §71.051.[1]

---

[1]Goodrich will submit a Brief in Support of its Motion to Dismiss Under the Doctrine of *Forum Non Conveniens* at a later date.

III.  SUBJECT TO ITS MOTION TO TRANSFER VENUE AND MOTION TO
      DISMISS UNDER THE DOCTRINE OF *FORUM NON CONVENIENS*,
      GOODRICH CORPORATION'S PLEA AGAINST CAPACITY, SPECIAL
      EXCEPTIONS, ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION,
      AND RELIANCE UPON JURY DEMAND

COMES NOW Goodrich Corporation ("Goodrich"), a defendant in the above-styled and numbered cause, and, subject to its Motion to Transfer Venue and its Motion to Dismiss Under the Doctrine of *Forum Non Conveniens,* files this its Plea Against Capacity, Special Exceptions, Original Answer to Plaintiff's Original Petition, and Reliance Upon Jury Demand, and would respectfully show the Court the following:

A.   Plea Against Capacity

Plaintiffs' Original Petition purports to set forth survival claims against Goodrich asserted by Marcos Sanchez as "Representative of the Estate of Nelson Napoleon Sanchez", by Aido Manuel Garrido and Ivon Elena Parra de Garrido as "Representatives of the Estates of Evelin Carol Garrido de Sanchez and Daniel Enrique Sanchez Garrido, a minor" and by Maximilliano Perez Ceballos and Petra Maria Colmenarez and "Representatives of the Estate of Pedro Norberto Perez Colmenarez". Pursuant to Rule 93, Texas Rules of Civil Procedure, and the Texas Civil Practice and Remedies Code, Goodrich denies the Plaintiffs' capacity as "Representatives" of these estates to maintain an action under the Texas Survival Act. Such legal incapacity is apparent from the face of Plaintiffs' Original Petition. Goodrich respectfully prays that all claims asserted by these named plaintiffs in their capacities as representative of the Estates of Nelson Napoleon Sanchez, Evelin Carol Garrido de Sanchez and Daniel Enrique Sanchez Garrido, a Minor, and Pedro Norberto Perez Colmenarez be dismissed unless and until Plaintiffs are able to confirm compliance with Texas law.

B.    General Denial

Goodrich invokes the provisions of Rule 92, Texas Rules of Civil Procedure, and does thereby exercise its legal right to require Plaintiffs to prove all of the allegations contained in their pleading, if Plaintiffs can so prove them, which is denied, and, accordingly, Goodrich denies generally the allegations of Plaintiffs' pleading and demands strict proof thereof by a preponderance of the evidence.

C.    Special Exceptions

1.    Goodrich specially excepts to Paragraphs 7 through 17 of Plaintiffs' Original Petition where plaintiffs allege a vague negligence cause of action against Goodrich. These allegations are wholly conclusory and fail to provide Goodrich fair notice of the claims against it. Plaintiffs should be required to replead to specify in detail the alleged acts and/or omissions of Goodrich which allegedly amount to negligence.

2.    Goodrich specially excepts to Paragraphs 7 through 17 of Plaintiffs' Original Petition where plaintiffs allege that the tire was defectively designed and marketed. These allegations are wholly conclusory and fail to provide Goodrich fair notice of the claims against it. Plaintiffs should be required to replead to specify in detail any alleged defects in the tire in question and in the marketing of such tire in which allegedly give rise to their strict liability causes of action against Goodrich.

3.    Goodrich specially excepts to Paragraphs 29 through 31 of Plaintiffs' Original Petition where plaintiffs seek damages in unspecified amounts. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, plaintiffs should be required to replead to specify the maximum amount of damages they seek.

4.      Goodrich takes special exception to the allegations contained in Paragraphs 12 and 17 of Plaintiffs' Original Petition and respectfully asks that plaintiffs be required to replead and to specify the managing agent at Goodrich who committed the alleged malice or gross negligence and specifically what acts he or she committed.

5.      Goodrich requests that these Special Exceptions be granted, and that the offending allegations be stricken or that plaintiffs be given an appropriate but limited period of time within which to replead.  If plaintiffs do not timely replead, Goodrich requests that the allegations in questions be stricken.

C.      Affirmative Defenses

### Venezuelan Law

6.      For further answer, if such be necessary, Goodrich alleges that Plaintiffs' claims are governed by the law of the Venezuela.

### Texas Law

7.      Pleading further, and in the alternative, Goodrich states that in the event Texas law is applied, the following provisions of Texas law should be applied.  Goodrich gives notice of its intent to rely on these defenses if Texas law be applied.

8.      For further answer, if such be necessary, Goodrich alleges that Plaintiffs' proof with respect to all "design defect" allegations is governed by statute.  TEX. CIV. PRAC. & REM. CODE § 82.005.  Plaintiffs must prove by a preponderance of the evidence (1) there was a "safer alternative design," as that term is statutorily defined, and (2) the defect was a producing cause of the personal injury, property damage, or death for which the claimant seeks recovery.  Goodrich requests that the jury be instructed on all statutorily required elements of a "design defect case."

9.    For further answer, if such be necessary, Goodrich asserts that the tire met or exceeded all applicable government standards.  As such, Goodrich is entitled to a presumption that it is not liable under a theory of strict products liability.

10.    For further answer, if such be necessary, Goodrich alleges that plaintiffs' claims for breach of warranty are barred by the applicable statute of limitations, having been asserted more than four years after original delivery of the tire.

11.    For further answer, if such be necessary, Goodrich alleges that plaintiffs' claims for breach of warranty are barred on account of plaintiffs' failure to give notice as required by TEX. BUS. & COM. CODE § 2.607.

12.    For further answer, if such be necessary, Goodrich asserts that plaintiffs' claims fail to state a claim upon which relief may be granted as a matter of law, including but not limited to the Plaintiffs' claims for punitive or exemplary damages to the extent asserted under the Texas Wrongful Death Act.

13.    For further answer, if such be necessary, Goodrich alleges by way of affirmative defense that plaintiffs' alleged damages were proximately caused by, or in the alternative were solely proximately caused by, the acts, omissions, or fault of the driver of the subject vehicle. The acts and/or omissions of  the driver amounting to negligence include losing control of the vehicle in question and causing the accident in question.  Goodrich alleges that the driver is a responsible third party as that term is defined and used in sections 33.003, 33.004 and 33.011 of the Texas Civil Practice and Remedies Code.

14.    For further answer, if such be necessary, Goodrich alleges in the alternative that plaintiffs' alleged damages were proximately caused by, or in the alternative were solely

proximately caused by, acts, omissions, or fault of third parties for whose conduct Goodrich is not in any way liable or responsible.

15.    For further answer, if such be necessary, Goodrich specifically pleads the provisions of Chapters 32 and 33 of the Texas Civil Practices and Remedies Code dealing with contribution and comparative responsibility, and requires that the damages be assessed in accordance with those provisions.

16.    For further answer, if such be necessary, Goodrich specifically pleads Chapter 82 of the Texas Civil Practices and Remedies Code dealing with design defects, and requires plaintiffs to meet their burden of proof with regarding to all claims of design defect as specified in Chapter 82.

17.    For further answer, if such be necessary, Goodrich alleges that Plaintiffs' claims for damages may be barred in whole or in part, whether under the doctrine of comparative responsibility or failure to mitigate damages, by the decedents' failures to utilize available and functional safety restraint devises.

18.    For further answer, if such be necessary, Goodrich requests that in the event at the time of submission plaintiffs seek recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value, etc., that in accordance with the statutory requirements imposed by TEX. CIV. PRAC. & REM. CODE § 18.091 the Court "instruct the jury as to whether any recovery for compensatory damages sought by the claimant is subject to federal or state income taxes."

19.    For further answer, if such be necessary, with respect to Plaintiffs' allegation of punitive or exemplary damages, Goodrich alleges as follows:

a.    Plaintiffs' claims for punitive or exemplary damages against defendants cannot be sustained because an award of punitive damages in this case would contravene and violate Section 1 of the Fourteenth Amendment of the Constitution of the United States, which guarantees due process of law and equal protection of the laws; Article 1, Section 3 of the Texas Constitution, which guarantees equal protection of the law; and Article 1, Section 19 of the Texas Constitution, which guarantees due process.  Plaintiffs' claims for punitive or exemplary damages are unconstitutional in the following respects:

b.    Plaintiffs' claims for punitive or exemplary damages against defendants cannot be sustained because the standard for determining liability for punitive damages under Texas law is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which gives rise to such a claim and therefore violates defendants' constitutional due process rights under the Fourteenth Amendment of the United States Constitution and Article 1, Section 19 of the Texas Constitution.

c.    Plaintiffs' claims for punitive or exemplary damages cannot be sustained against defendants in this case because Texas law does not (i) provide a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a punitive damages award, (ii) provide limits on punitive damages imposed by the applicable principles of deterrence and punishment, (iii) prohibit an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of defendants, and (iv) provide for judicial review on the basis of objective standards in violation of defendants' due

process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clauses of the Fifth Amendment as incorporated into the Fourteenth Amendment and by Article 1, Section 3 of the Texas Constitution, which guarantees equal protection of the law; and Article I, Section 19 of the Texas Constitution, which guarantees due process, and Article 1, Section 14 of the Texas Constitution, which guarantees against double jeopardy.

d.    Plaintiffs' claims for punitive or exemplary damages against defendants cannot be sustained in this case because any award of punitive damages under Texas law without bifurcating the trial of all punitive damages issues and the failure of the Court to adopt other procedural constitutional safeguards in the submission of evidence relative to determining the size of any punitive damages award would violate the Fourteenth Amendment of the Constitution of the United States, which guarantees due process of law and equal protection of laws; Article I, Section 3 of the Texas Constitution, which guarantees equal protection of the laws; and Article I, Section 19 of the Texas Constitution, which guarantees due process of law.

e.    Plaintiffs' claims for punitive or exemplary damages against defendants cannot be sustained in this case because imposition of a punitive damages award would violate the due process clauses of the Constitution of the United States and the Texas Constitution because the standard for the imposition of punitive damages lacks objective guidelines, invites the jury to engage in caprice and

discrimination in the administration of the law and permits repeated and unlimited punishment for the same alleged misconduct.

f.      Plaintiffs' claims for punitive or exemplary damages against defendants cannot be sustained because an award of punitive damages under the Texas law for the purposes of compensating plaintiffs for elements of damage not otherwise recognized by Texas law would violate defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of Article 1, Section 19 of the Texas Constitution.

g.      Any award of punitive damages based on anything other than defendants' conduct in connection with the sale of the specific single tire that is the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and the due process clause of Article 1, Section 19 of the Texas Constitution and Article I, Section 14 of the Texas Constitution providing guaranty against double jeopardy, because any other judgment for punitive damages in this case cannot protect defendants against impermissible multiple punishment for the same alleged wrong.

h.      Plaintiffs' claims for punitive or exemplary damages against defendants cannot be sustained because any judgment for punitive damages in this case would constitute multiple punishment for the same alleged wrong and cannot protect defendants against multiple punishment for the same alleged wrong in future cases in violation of defendants' rights to due process and equal protection

of the laws under the Fourteenth Amendment of the United States Constitution and Article I, Section 3 and 19 of the Texas Constitution.

i.       Alternatively, in the event the Court allows the jury to consider awarding punitive damages despite the constitutional defects described above, defendants assert that the cap on exemplary damages contained in Chapter 41 of the Texas Civil Practice & Remedies Code applies and limits the amount of exemplary damages which can be awarded.

D.    Reliance Upon Jury Demand

1.       Goodrich hereby relies upon the Plaintiffs' jury demand.

WHEREFORE, defendant Goodrich Corporation prays that Plaintiffs take nothing by this suit, that Goodrich have judgment for its costs in this proceeding, and that the Court grant Goodrich such other and further relief as the Court may deem just and proper.

Respectfully submitted,

BROWN McCARROLL, L.L.P.
111 Congress Avenue
Suite 1400
Austin, Texas 78701-4043
(512) 472-5456
(512) 479-1169 (fax)

BY:_____

Thomas M. Bullion III
State Bar No. 03331005

ATTORNEYS FOR DEFENDANT
GOODRICH CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all known counsel of record as set forth below by certified mail, return receipt requested, in compliance with the Texas Rules of Civil Procedure on this 20 day of April 2004.

Via Certified Mail, Return Receipt Requested

Juan Gonzalez
The Atrium
1300 N. 10th Street, Suite 400
McAllen, TX 78501

Thomas M. Bullion III

CAUSE NO. 2004-03-1736-A

| | | |
|---|---|---|
| MARCOS SANCHEZ, Individually and | * | IN THE DISTRICT COURT |
| As Representative of the Estate of | * | |
| NELSON NAPOLEON SANCHEZ; | * | |
| AIDO MANUEL GARRIDO and IVON | * | |
| ELENA PARRA DE GARRIDO, | * | |
| Individually and As Representatives of | * | |
| The Estates of EVELIN CAROL | * | |
| GARRIDO DE SANCHEZ and DANIEL | * | |
| ENRIQUE SANCHEZ GARRIDO, a | * | |
| Minor; MAXIMILLIANO PEREZ | * | |
| CEBALLOS and PETRA MARIA | * | |
| COLMENAREZ, Individually and As | * | |
| Representative of PEDRO NORBERTO | * | |
| PEREZ COLMENAREZ | * | |
| | * | |
| VS. | * | CAMERON COUNTY, TEXAS |
| | * | |
| GOODRICH CORPORATION f/k/a | * | |
| B.F. GOODRICH COMPANY and | * | |
| FORD MOTOR COMPANY | * | 107th JUDICIAL DISTRICT |

## NOTICE TO THE DISTRICT CLERK OF FILING
## OF NOTICE OF REMOVAL

TO:    HONORABLE AURORA DE LA GARZA
       Cameron County District Clerk
       Cameron County Courthouse
       974 East Harrison
       Brownsville, Texas 78520

You will please take notice that Defendants Ford Motor Company and Goodrich

Corporation f/k/a B. F. Goodrich Company have filed in the United States District Court

for the Southern District of Texas, Brownsville Division, a notice of removal of the cause

styled:  Marcos Sanchez, Individually and As Representative of the Estate of Nelson

Napoleon Sanchez; Aido Manuel Garrido and Ivon Elena Parra de Garrido, Individually

and As Representatives of the Estates of Evelin Carol Garrido de Sanchez and Daniel

Enrique Sanchez Garrido, a Minor; Maximilliano Perez Ceballos and Petra Maria

Colmenarez, Individually and As Representative of Pedro Norberto Perez Colmenarez v.

Goodrich Corporation f/k/a B. F. Goodrich Company and Ford Motor Company,
originally filed in the 107th Judicial District Court of Cameron County, Texas, Cause
Number 2004-03-1736-A, to the United States District Court for the Southern District of
Texas, Brownsville Division, and that a true and correct copy of said Notice of Removal
is being filed with the Clerk of the 107th Judicial District Court to thereby effect a
removal to said District Court of the United States, and that the State Court shall
proceed no further, unless the cause is remanded. A copy of said notice of removal is
attached to this notice.

WITNESS the signature of Defendants, through their attorneys, on this the ___
day of April, 2004.

Respectfully submitted,

RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.

By: _____
        Jaime A. Saenz
State Bar No. 17514859
Southern District Admissions No. 7630
        R. Patrick Rodriguez
State Bar No. 24002861
Southern District Admissions No. 22949
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANT,
FORD MOTOR COMPANY

BROWN MCCARROLL LLP

By: _____
     Thomas M. Bullion III
State Bar No. 03331005
Southern District Admissions No. 14690
111 Congress Ave., Suite 1400
Austin, Texas 78701
(512) 472-5456
Fax (512) 479-1101

ATTORNEYS FOR DEFENDANT,
GOODRICH CORPORATION f/k/a
B. F. GOODRICH COMPANY

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of Notice to District Clerk of Filing of Notice of Removal was served upon all counsel of record, to-wit:

> Juan A. Gonzalez
> Law Office of Mark A. Cantu
> The Atrium
> 1300 North 10th Street, Suite 400
> McAllen, Texas 78501
> Attorneys for Plaintiffs

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Texas Rules of Civil Procedure, on this the 3 day of April, 2004.

_____
Jaime A. Saenz

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MARCOS SANCHEZ, Individually and &ast;
As Representative of the Estate of &ast;
NELSON NAPOLEON SANCHEZ; &ast;
AIDO MANUEL GARRIDO and IVON &ast;
ELENA PARRA DE GARRIDO, &ast;
Individually and As Representatives of &ast;
The Estates of EVELIN CAROL &ast;
GARRIDO DE SANCHEZ and DANIEL &ast;
ENRIQUE SANCHEZ GARRIDO, a &ast;
Minor; MAXIMILLIANO PEREZ &ast;
CEBALLOS and PETRA MARIA &ast;
COLMENAREZ, Individually and As &ast;
Representative of PEDRO NORBERTO &ast;
PEREZ COLMENAREZ &ast;
&ast;
VS. &ast;     CIVIL ACTION NO. B-04-080
&ast;
GOODRICH CORPORATION f/k/a &ast;
B.F. GOODRICH COMPANY and &ast;
FORD MOTOR COMPANY &ast;

## INDEX OF ATTORNEYS

1.    Juan A. Gonzalez
      State Bar No. 08129310
      Law Office of Mark A. Cantu
      The Atrium
      1300 North 10th Street, Suite 400
      McAllen, Texas 78501
      (956) 687-8181
      Fax (956) 687-8868
      Attorneys for Plaintiffs

2.    Jaime A. Saenz
      State Bar No. 17514859
      Southern District Admissions No. 7630
      R. Patrick Rodriguez
      State Bar No. 24002861
      Southern District Admissions No. 22949
      Rodriguez, Colvin, Chaney & Saenz, L.L.P.
      Post Office Box 2155
      Brownsville, Texas 78522
      (956) 542-7441
      Fax (956) 541-2170
      Attorneys for Defendant Ford Motor Company

3.     Thomas M. Bullion III
State Bar No. 03331005
Southern District Admissions No. 14690
111 Congress Ave., Suite 1400
Austin, Texas 78701
(512) 472-5456
Fax (512) 479-1101
Attorneys for Defendant Goodrich Corporation f/k/a B. F. Goodrich Company

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MARCOS SANCHEZ, Individually and   *
As Representative of the Estate of   *
NELSON NAPOLEON SANCHEZ;   *
AIDO MANUEL GARRIDO and IVON   *
ELENA PARRA DE GARRIDO,   *
Individually and As Representatives of   *
The Estates of EVELIN CAROL   *
GARRIDO DE SANCHEZ and DANIEL   *
ENRIQUE SANCHEZ GARRIDO, a   *
Minor; MAXIMILLIANO PEREZ   *
CEBALLOS and PETRA MARIA   *
COLMENAREZ, Individually and As   *
Representative of PEDRO NORBERTO   *
PEREZ COLMENAREZ   *
  *
VS.   *     **CIVIL ACTION NO.** B - 0 4 - 0 8 0
  *
GOODRICH CORPORATION f/k/a   *
B.F. GOODRICH COMPANY and   *
FORD MOTOR COMPANY   *

## INDEX OF DOCUMENTS FILED

1.    Civil Cover Sheet

2.    Notice of Removal with following attachments:

    a.    State Court's Docket Sheet
    b.    Plaintiffs' Original Petition
    c.    Citation served on Ford Motor Company
    d.    Citation served on Goodrich Corporation f/k/a B. F. Goodrich Company
    e.    Defendant Ford Motor Company's Motion to Transfer Venue, and Subject Thereto, Motion to Dismiss Under the Doctrine of Forum Non Conveniens, Original Answer and Jury Demand
    f.    Goodrich Corporation's Motion to Dismiss Under the Doctrine of Forum Non Conveniens, Plea Against Capacity, Special Exceptions, Original Answer to Plaintiffs' Original Petition, and Reliance Upon Jury Demand

3.    Notice to District Clerk of Filing of Notice of Removal

4.    Index of Attorneys

5.    Index of Documents Filed