IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| MARCOS SANCHEZ, INDIVIDUALLY AND, § <br> AS REPRESENTATIVE OF THE ESTATE OF § <br> NELSON NAPOLEON SANCHEZ § <br> § <br> AIDO MANUEL GARRIDO AND IVON § <br> ELENA PARRA DE GARRIDO, § <br> INDIVIDUALLY AND AS § <br> REPRESENTATIVES OF THE ESTATES OF § <br> EVELIN CAROL GARRIDO DE SANCHEZ § <br> AND DANIEL ENRIQUE SANCHEZ § <br> GARRIDO, A MINOR; § <br> § <br> MAXIMILIANO PEREZ CEBALLOS § <br> AND PETRA MARIA COLMENAREZ, § <br> INDIVIDUALLY AND AS REPRESENTATIVE§ <br> OF PEDRO NORBERTO PEREZ § <br> COLMENAREZ § <br> § <br> VS. § <br> § <br> MICHELIN NORTH AMERICA, INC. § <br> AND FORD MOTOR COMPANY § | CIVIL ACTION NO. B-04-080 |

**PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT**

Come Now Plaintiffs, Marcos Sanchez, Individually, and as Representative of the Estate of Nelson Napoleon Sanchez; Aido Manuel Garrido and Ivon Elena Parra De Garrido, Individually and as Representatives of the Estates of Evelin Carol Garrido de Sanchez and Daniel Enrique Sanchez Garrido, a Minor; Maximilliano Perez Ceballos and Petra Maria Colmenarez, Individually and as Representatives of the Estate of Pedro Norberto Perez Colmenarez (hereinafter referred to collectively as "Plaintiffs") and

1

complain of Defendants, **Michelin North America, Inc. and Ford Motor Company**, and for cause of action show:

## I.
## PLAINTIFFS

a. Plaintiff **Marcos Sanchez, Individually and as Representative of the Estate of Nelson Napoleon Sanchez**, is the surviving father currently residing in Venezuela.

b. Plaintiff **Aido Manuel Garrido, Individually and as Representative of the Estate of Evelin Carol Garrido de Sanchez**, is the surviving father currently residing in Venezuela.

c. Plaintiff **Ivon Elena Parra de Garrido, Individually and as Representative of the Estate of Evelin Carol Garrido de Sanchez**, is the surviving mother currently residing in Venezuela

d. Plaintiff **Aido Manuel Garrido, as Representative of the Estate of Daniel Enrique Sanchez Garrido, a Minor** is the surviving grandfather currently residing in Venezuela.

e. **Plaintiff Ivon Elena Parra de Garrido, as Representative of the Estate of Daniel Enrique Sanchez Garrido, a Minor** is the surviving grandmother currently residing in Venezuela.

f. **Plaintiff Maximilliano Perez Ceballos, Individually and as Representative of the Estate of Pedro Norberto Perez Colmenarez**, is the surviving father currently residing in Venezuela.

g. **Plaintiff Petra Maria Colmenarez, Individually and as Representative of the Estate of Pedro Norberto Perez Colmenarez**, is the surviving mother currently residing in Venezuela.

h. Plaintiffs, **Marcos Sanchez, Individually, and as Representative of the Estate of Nelson Napoleon Sanchez; Aido Manuel Garrido and Ivon Elena Parra De Garrido, Individually and as Representatives of the Estates of Evelin Carol Garrido de Sanchez and Daniel Enrique Sanchez Garrido, a Minor; Maximilliano Perez Ceballos and Petra Maria Colmenarez, Individually and as Representatives of the Estate of Pedro Norberto Perez Colmenarez;** collectively bring this suit on behalf of the **Estates of Nelson Napoleon Sanchez, Evelin Carol Garrido de Sanchez, Daniel Enrique Sanchez Garrido, a Minor, and Pedro Norberto Perez Colmenarez**. All individuals entitled to recover through their estates are Plaintiffs in this case.

2

## II.
## DEFENDANTS

a. Defendant **Michelin North America, Inc. (hereinafter "Michelin Tire")** is a New York corporation doing business in the State of Texas. Counsel William Moye has agreed to accept service on behalf of Defendant **Michelin Tire** by certified mail.

b. Defendant **Ford Motor Company, (hereinafter "Ford")** is a Delaware corporation with its principal place of business at American Road, Dearborn, Michigan 48216. Defendant Ford is authorized to do business in the State of Texas. Defendant has been served and has filed an answer.

## IV.
## VENUE AND JURISDICTION

2. All of the Plaintiffs are citizens of the Republic of Venezuela. Jurisdiction is appropriate because a substantial part of the events forming the basis for the suit occurred in the United States.

## V.

## FACTS COMMON TO ALL CAUSES OF ACTION
## BACKGROUND FACTS

3. On **March 24, 2002**, at approximately 10:20 a.m. **Nelson Napoleon Sanchez** was driving a 1999 Green Ford Explorer, Sport Wagon (hereinafter "the Explorer"), VIN **8XDZU24X9X8 – A23356** when one of the tires **BF Goodrich Radial All-Terrain T/A, (DOT: BERP.8L 1049, LT 325/60R15 1060 M+S )** unexpectedly failed causing a loss of control and subsequent a rollover/collision. The accident (hereinafter "Incident") occurred at "Autopista Regional del Centro" (Expressway), between the kilometer 110 and 111, Maracay, Estado Aragua in Venezuela.

4. Plaintiffs have suffered personal injuries and/or property loss occasioned by this Incident and/or assert wrongful death claims in connection with this Incident. This Incident involved a Ford Explorer. In this incident, one of the tires on the vehicle involved suddenly, unexpectedly,

3

and completely failed. When confronted with this emergency, which was not caused by the negligence of any Plaintiffs, the driver was not able to maintain control of the vehicle. The vehicle rolled over/collided with another vehicle and all of the occupants suffered injuries or death in or as a result of the Incident.

5.　　The tire that catastrophically failed in the respective Incidents, **B.F. Goodrich tires**, were designed, manufactured, and distributed by Defendant **Michelin North America, Inc. as Successor to Goodrich Corporation f/k/a B.F. Goodrich Company (hereinafter referred to collectively as "Tire Defendant")**. These tires were on the subject vehicle on **March 24, 2002**.

6.　　The subject tire and vehicle both were in the same or substantially similar condition as when it left the control of **Tire Defendant and Ford.**

## VI.
### A. CAUSES OF ACTION AGAINST TIRE DEFENDANTS

7.　　Tires at issue were designed, manufactured, assembled, and sold by **Tire Defendant**. At the time the subject vehicle was sold, Tire Defendant was in the business of designing, manufacturing and selling tires such as the subject tire. **Tire Defendant** qualifies as a "manufacturer" of the subject tire within the meaning of §82.001(4), Tex. Civ. Prac. & Rem. Code. **Tire Defendant** is liable under the doctrine of strict product liability for placing the subject tire into the stream of commerce and liable for the injuries produced by the defects in the subject tire.

**Design Defect in the Subject Tire**

8.　　The subject tire was defectively designed by **Tire Defendant** rendering it defective and unreasonably dangerous. This defective and unreasonably dangerous condition was the producing and proximate cause of the rollover in question and the resulting damages to Plaintiffs

4

and the death of **Nelson Napoleon Sanchez, Evelin Carol Garrido de Sanchez, Daniel Enrique Sanchez Garrido, a Minor, and Pedro Norberto Perez Colmenarez**.

9. Pursuant to §82.005, Tex. Civ. Prac. & Rem. Code, a safe and alternative design was economically and technologically feasible at the time the product left the control of the manufacturer and would have prevented the rollover without effecting the utility of the product.

**Manufacturing Defect in the Subject Tire**

10. The subject tire was defective and unreasonably dangerous at the time it was manufactured and distributed by **Tire Defendant**. The subject tire came apart and/or self destructed while in operation well within its expected life use. The catastrophic failure was due to a manufacturing defect that likely resulted in a lack of permanent bond in the components and/or failure of the tire materials to properly bond. The manufacturing defect created an emergency condition that was uncontrollable given the vehicle involved. The combination of defects was a proximate and producing cause of the rollover and resulting injuries to Plaintiffs. **Tire Defendant** is strictly liable for supplying a defective and unreasonably dangerous product that resulted in severe personal injury and death.

**Marketing/Warning Defects**

11. At the time, the subject tire left the possession of **Tire Defendant**, they did not have adequate warning of the products' dangers that were known by, or should have been known by **Tire Defendant**. **Tire Defendant** failed to give adequate instructions to avoid the dangers associated with its product. These failures rendered the product unreasonably dangerous as marketed. The marketing defect was a producing cause of the rollover and damages to Plaintiffs and the death of **Nelson Napoleon Sanchez, Evelin Carol Garrido de Sanchez, Daniel Enrique Sanchez Garrido, a Minor, and Pedro Norberto Perez Colmenarez**.

5

**Negligence**

12.     At all times relevant herein, **Tire Defendant** held itself out as having special expertise in the industry. As such, **Tire Defendant** owed Plaintiffs a duty to use reasonable care in design, manufacture, preparation, testing, instruction and warnings of the subject tire. The dangers were all reasonably foreseeable or scientifically discoverable at the time of exposure. **Michelin's** negligence and/or gross negligence proximately caused Plaintiffs' damages and the death of **Nelson Napoleon Sanchez, Evelin Carol Garrido de Sanchez, Daniel Enrique Sanchez Garrido, a Minor, and Pedro Norberto Perez Colmenarez.**

**Breach of Warranty**

13.     At all times relevant herein, **Tire Defendant** was a merchant in the business of supplying goods. As such **Tire Defendant** breached the warranties of merchantability and fitness for a particular use in that the subject tire at issue were not fit for its ordinary use or for the intended use for which it was purchase.

14.     These branches of warranty proximately resulted in the injuries and damages suffered by Plaintiffs.

**402B Misrepresentation**

15.     **Tire Defendant** misrepresented the character and quality of the tire at issue. The misrepresentations were of such a nature as to render **Tire Defendant** strictly liable for the injuries and damages to Plaintiffs, including the untimely death of **Nelson Napoleon Sanchez, Evelin Carol Garrido de Sanchez, Daniel Enrique Sanchez Garrido, a Minor, and Pedro Norberto Perez Colmenarez.** **Tire Defendant** engaged in the course of advertising, marketing and promoting this line of tires. **Tire Defendant** made false representations that included express

6

and implied misrepresentations of material fact concerning the character and quality of the product and materials used in constructing the subject tire.

16.     The misrepresentations were made through advertising, marketing and promoting the product, the totality of which, taken as a whole, falsely misrepresented that the product was safe for use in a manner indicated by **Tire Defendant** to be suitable for consumers such as Plaintiff **Nelson Napoleon Sanchez** and the passengers in their vehicle on **March 24, 2002**.

**Willful Acts of Omissions, Gross Neglect and Malice**

17.     **Tire Defendant** committed willful acts or omissions, gross neglect and/or malice which were a proximate cause of Plaintiffs' injuries and damages herein, including the death of **Nelson Napoleon Sanchez, Evelin Carol Garrido de Sanchez, Daniel Enrique Sanchez Garrido, a Minor, and Pedro Norberto Perez Colmenarez** and for which Plaintiffs are entitled to recover punitive damages, pursuant to §41.002(a)(2) and (3) of the Texas Civil Practice and Remedies Code and Article XVI, § of the Texas Constitution.

### B. CAUSE OF ACTION AGAINST FORD

**Product Liability**

18.     The subject vehicle was originally designed, manufactured, assembled, and sold by **Ford**. At the time the subject was sold, **Ford** was in the business of designing, manufacturing and selling vehicles such as the subject vehicle. **Ford** is thus a "manufacturer" of the subject vehicle within the meaning of §82.001(4), Tex. Civ. Prac. & Rem. Code. **Ford** is liable under the doctrine of strict product liability for placing the subject vehicle into the stream of commerce and is liable for the injuries produced by the defects in the subject vehicle.

**Design and Manufacturing Defects in the Subject Vehicle**

19. At the time the vehicle was designed, manufactured, and sold by **Ford**, it was defective in design and unreasonably dangerous. The design, marketing, and manufacturing defects in the subject vehicle rendered it defective and unreasonably dangerous, which defective and unreasonably dangerous condition was a producing cause of the Plaintiffs' injuries and damages sought herein. Further, at the time the subject vehicle was sold, the defective design caused the product to unexpectedly fail to function and/or operate in a manner reasonably expected by an ordinary consumer and by the users of the subject vehicle.

20. At the time the subject vehicle left the possession of **Ford**, it was defective in manufacture because it was an unreasonably dangerous product. The product was dangerous to an extent beyond that which would be contemplated by the ordinary user of the product with ordinary knowledge common to the community as to the product's characteristics. The defective and unreasonably dangerous manufacture of the vehicle was a producing cause of the Plaintiffs' injuries and damages sought herein.

21. Pursuant to §82.005, Tex. Civ. Prac. & Rem. Code, a safer alternative design was economically and technologically feasible at the time the subject vehicle left the control of **Ford** and would have prevented injuries described herein.

**Marketing/Warning Defects-**

22. At the time the subject vehicle left the possession of **Ford**, it did not have adequate warnings of the product's dangers that were known by, or should have been known by **Ford**. Ford failed to give adequate instructions to avoid the dangers associated with its product. This failure rendered the product unreasonably dangerous as marketed. The marketing defect was a producing cause of the rollover and damages to Plaintiffs and the untimely death of **Nelson**

Napoleon Sanchez, Evelin Carol Garrido de Sanchez, Daniel Enrique Sanchez Garrido, a Minor, and Pedro Norberto Perez Colmenarez.

**Negligence**

23. Ford committed acts of omission and commission, which collectively and severally constituted negligence, which were a proximate cause of the injuries and damages to Plaintiffs and the untimely death of **Nelson Napoleon Sanchez, Evelin Carol Garrido de Sanchez, Daniel Enrique Sanchez Garrido, a Minor, and Pedro Norberto Perez Colmenarez**. At all times relevant herein, Defendant **Ford** was in the business of manufacturing vehicles for use on public roadways. **Ford** held itself out as having special expertise in the industry. As such, **Ford** owed Plaintiffs a duty to use reasonable care in the design, manufacture, preparation, testing, instruction and warnings of the subject vehicle. The dangers were all reasonably foreseeable or scientifically discoverable at the time of exposure. **Ford's** negligence and/or gross negligence proximately caused Plaintiffs' damages and the death of **Nelson Napoleon Sanchez, Evelin Carol Garrido de Sanchez, Daniel Enrique Sanchez Garrido, a Minor, and Pedro Norberto Perez Colmenarez.**

**Breach of Warranty**

24. At all times relevant herein, Defendant **Ford** was a merchant in the business of supplying goods. As such **Ford** breached the warranties of merchantability and fitness for a particular use in that the subject vehicle at issue was not fit for its ordinary use or for the intended use for which it was purchased.

25 These breaches of warranty proximately resulted in the injuries and damages suffered by Plaintiffs.

**402B Misrepresentation**

9

26.   Ford misrepresented the character and the quality of the subject vehicle. The misrepresentations were of such a nature as to render Ford strictly liable for the injuries and damages to Plaintiffs, including the death of **Nelson Napoleon Sanchez, Evelin Carol Garrido de Sanchez, Daniel Enrique Sanchez Garrido, a Minor, and Pedro Norberto Perez Colmenarez**. **Ford** engaged in the course of advertising, marketing and promoting this line of vehicles. **Ford** made false representations that included express and implied misrepresentations of material fact concerning the character and quality of the product and materials used in constructing the subject vehicle.

27   The misrepresentations were made through advertising, marketing and promoting the product, the totality of which, taken as a whole, falsely misrepresented that the product was safe for use in the manner indicated by **Ford** to be suitable for consumers such as Plaintiff **Nelson Napoleon Sanchez, Deceased** and the passengers in his vehicle on March 24, 2002.

**Willful Acts of Omissions, Gross Neglect and Malice**

28.   Ford committed willful acts or omissions, gross neglect and/or malice which were a proximate cause of Plaintiffs' injuries and damages herein, including the death of **Nelson Napoleon Sanchez, Evelin Carol Garrido de Sanchez, Daniel Enrique Sanchez Garrido, a Minor, and Pedro Norberto Perez Colmenarez** and for which Plaintiffs are entitled to recover punitive damages, pursuant to §41.003(a)(2) and (3) of the Texas Civil Practice and Remedies Code and Article XVI, §26 of the Texas Constitution.

**Damages**

29.   Plaintiffs **Marcos Sanchez, Individually, and as Representative of the Estate of Nelson Napoleon Sanchez; Aido Manuel Garrido and Ivon Elena Parra De Garrido, Individually and as Representatives of the Estates of Evelin Carol Garrido de Sanchez and**

**Daniel Enrique Sanchez Garrido, a Minor; Maximilliano Perez Ceballos and Petra Maria Colmenarez, Individually and as Representatives of the Estate of Pedro Norberto Perez Colmenarez** are within the specified class of persons authorized to bring this action pursuant to the Texas Wrongful Death Statute, § 71.001, *et seq.*, Tex. Civ. Prac. & Rem. Code, and the Texas Survival Statute §71.021, *et seq.*, Tex. Civ. Prac. & Rem. Code and seek all elements of damages and remedies provided under the law.

30. As a proximate and producing result of the conduct of Defendants, Plaintiffs **Marcos Sanchez, Individually, and as Representative of the Estate of Nelson Napoleon Sanchez; Aido Manuel Garrido and Ivon Elena Parra De Garrido, Individually and as Representatives of the Estates of Evelin Carol Garrido de Sanchez and Daniel Enrique Sanchez Garrido, a Minor; Maximilliano Perez Ceballos and Petra Maria Colmenarez, Individually and as Representatives of the Estate of Pedro Norberto Perez Colmenarez** have suffered serious personal injuries and other damages. These Plaintiffs are seeking monetary damages from the Defendants to compensate them for the following elements of damages:

  a. Past and future medical expenses:

  b. Past and future loss of earning capacity;

  c. Past and future physical pain and suffering;

  d. Past and future disfigurement;

  e. Past and future loss of companionship and society;

  f. Past and future mental anguish;

  g. Past and future physical impairment;

  h. Past and future loss of consortium;

  i. Past and future loss of household services;

j.   Exemplary damages; and

k.   Property damage.

## VII.

**Pre-And Post-Judgment Interest –**

31.   Plaintiffs seek recovery of such pre- and post-judgment rest as permitted by law.

## PRAYER

WHEREFORE, Plaintiffs pray that Defendants be cited to appear and answer herein, that this cause be set for trial, and that Plaintiffs recover judgment of and from Defendants for actual damages, together with prejudgment interest, post-judgment interest, and cost of suit, exemplary damages and other general relief to which they may be entitled.

                              **LAW OFFICE OF MARK A CANTU**
                              The Atrium
                              1300 N. 10th Street, Ste. 400
                              McAllen, Texas 78501
                              Telephone: (956) 687-8181
                              Fax: (956) 687-8868

                              By: _____
                              **JUAN A. GONZALEZ**
                              Attorney in Charge
                              State Bar No. 08129310
                              ATTORNEY-IN-CHARGE FOR
                              PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing instrument has been forwarded to the following counsel of record via hand-delivery, facsimile, or certified mail return receipt on this the _26th_ day of August 2004.

Mr. Jaime Saenz
Mr. R. Patrick Rodriguez
**Rodriguez, Colvin, Chaney & Saenz, LLP**
1201 East Van Buren (78520)
P.O. Box 2155
Brownsville, Texas 78522
**Attorney for Ford Motor Company**


Mr. Thomas M. Bullion, III
Attorney – In – Charge
William R. Moye
Evan N. Kramer
**Brown McCarroll, LLP**
1111 Bagby, 47th Floor
**Attorney for Defendant Michelin North America, Inc.**

Juan A. Gonzalez