IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MARCOS SANCHEZ, INDIVIDUALLY AND )
AS REPRENSENTATIVE OF THE ESTATE )
OF NELSON NAPOLEON SANCHEZ )
)
AIDO MANUEL GARRIDO AND IVON )
ELENA PARRA DE GARRIDO, )
INDIVIDUALLY AND AS )
REPRESENTATIVES OF THE ESTATES OF )
EVELIN CAROL GARRIDO DE SANCHEZ )
AND DANIEL ENRIQUE SANCHEZ )
GARRIDO, A MINOR, )
)
) CIVIL ACTION NO. B-04-080
MAXIMILIANO PEREZ CEBALLOS AND )
PETRA MARIA COLMENAREZ, )
INDIVIDUALLY AND AS )
REPRESENTATIVE OF PEDRO NORBERTO )
PEREZ COLMENAREZ, )
)
    Plaintiffs, )
)
vs. )
)
MICHELIN NORTH AMERICA, INC. AND )
FORD MOTOR COMPANY )
)
    Defendants. )

DEFENDANT MICHELIN NORTH AMERICA, INC.'S MOTION TO DISMISS UNDER THE DOCTRINE OF *FORUM NON CONVENIENS*, ORIGINAL ANSWER, STATEMENT OF AFFIRMATIVE DEFENSES, AND RELIANCE UPON JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Michelin North America, Inc. ("MNA"), one of the defendants in the above-styled and numbered cause, and submits its Motion to Dismiss Under the Doctrine of *Forum Non Conveniens,* Original Answer, Statement of Affirmative Defenses, and Reliance on Jury Demand:

AUS:2190959.1
32302.114

Motion to Dismiss Under Doctrine of *Forum Non Conveniens*

1. Plaintiffs filed this lawsuit to recover damages allegedly sustained due to an automobile crash that allegedly occurred on March 24, 2002. Plaintiffs allege that such alleged accident occurred in Venezuela. MNA moves to dismiss this case, in its entirety, under the doctrine of *forum non conveniens*. In the interests of justice, this cause of action would be more properly heard in Venezuela, where plaintiffs reside and where the crash giving rise to this lawsuit occurred.

2. Accordingly, MNA prays that the Court decline to exercise jurisdiction under the doctrine of *forum non conveniens*.[1]

Original Answer

MNA responds to the allegations of Plaintiffs' First Amended Original Complaint as follows:

A. *Parties*

I - II. MNA denies the allegation contained in Paragraph II(b) that it is a New York corporation. MNA states that it is a Delaware corporation. MNA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraphs I and II.

B. *Jurisdiction and Venue*

IV. MNA denies that a substantial part of the events forming the basis for this suit occurred in the United States. MNA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph IV.

---

[1] MNA will submit a Brief in Support of its Motion to Dismiss Under the Doctrine of *Forum Non Conveniens* at a later date.

C.   *Facts*

3-6.   MNA denies any allegations contained in Paragraphs 3 through 6 to the extent they can be read to allege a defect in the design, manufacture or marketing of the subject tire or that MNA is liable for the claims asserted by plaintiffs. MNA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraphs 3 through 6.

D.   *Causes of Action*

7-17.   MNA admits that it is in the business of designing, manufacturing and selling tires such as the one alleged to have been on the subject vehicle and that it is a "manufacturer" within the meaning of Tex. Civ. Prac. & Rem. Code 82.001(4). MNA denies all allegations contained in paragraphs 7 through 17 that allege a defect in the design, manufacture or marketing of the subject tire, that MNA made misrepresentations to plaintiffs, or that MNA is liable for the claims asserted by plaintiffs. Except as expressly admitted herein, MNA denies as untrue any remaining allegations contained in Paragraphs 7 through 17.

18-28.   MNA states that no response as to the allegations in Paragraphs 18 through 28 regarding Ford Motor Company. To the extent a response to such allegations is required, MNA states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Ford Motor Company.

E.   *Damages*

29-31.   MNA denies all liability to plaintiffs. Answering further, MNA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 29 through 31 regarding the nature and extent of injuries and damages allegedly suffered by plaintiffs.

AUS:2190959.1
32302.114

*F.     Prayer*

WHEREFORE, PREMISES CONSIDERED, defendant Michelin North America, Inc. prays that plaintiffs take nothing by this suit, that MNA have judgment for its costs in this proceeding, and that the Court grant MNA such other and further relief as the Court may deem just and proper.

Statement of Affirmative Defenses

MNA relies upon as many of the following affirmative defenses as may be applicable at trial:

Venezuelan Law

1.      For further answer, if such be necessary, MNA alleges that plaintiffs' claims are governed by the law of Venezuela.

Texas Law

2.      Pleading further, and in the alternative, MNA states that in the event Texas law is applied, the following provisions of Texas law should be applied.

3.      For further answer, if such be necessary, MNA states that plaintiffs lack the capacity to sue on behalf of the named estates. Such lack of capacity is apparent from the face of the Amended Complaint.

4.      For further answer, if such be necessary, MNA alleges that plaintiffs' proof with respect to all "design defect" allegations is governed by statute. TEX. CIV. PRAC. & REM. CODE § 82.005. Plaintiffs must prove by a preponderance of the evidence (1) there was a "safer alternative design," as that term is statutorily defined, and (2) the defect was a producing cause of the personal injury, property damage, or death for which the claimant seeks recovery. MNA requests that the jury be instructed on all statutorily required elements of a "design defect case."

5. For further answer, if such be necessary, MNA asserts that the tire met or exceeded all applicable government standards. As such, MNA is entitled to a presumption that it is not liable under a theory of strict products liability.

6. For further answer, if such be necessary, MNA alleges that plaintiffs' claims for breach of warranty are barred by the applicable statute of limitations, having been asserted more than four years after original delivery of the subject tire.

7. For further answer, if such be necessary, MNA alleges that plaintiffs' claims for breach of warranty are barred on account of plaintiffs' failure to give notice as required by TEX. BUS. & COM. CODE § 2.607.

8. For further answer, if such be necessary, MNA asserts that plaintiffs' claims fail to state a claim upon which relief may be granted as a matter of law, including but not limited to plaintiffs' claims for punitive or exemplary damages to the extent asserted under the Texas Wrongful Death Act.

9. For further answer, if such be necessary, MNA alleges by way of affirmative defense that plaintiffs' alleged damages were proximately caused by, or in the alternative were solely proximately caused by, the acts, omissions, or fault of Nelson Napoleon Sanchez, the driver of the subject vehicle. The acts and/or omissions of Nelson Napoleon Sanchez amounting to negligence include losing control of the vehicle in question, colliding into another vehicle, and causing the accident in question. MNA alleges that Nelson Napoleon Sanchez is a responsible third party as that term is defined and used in sections 33.003, 33.004 and 33.011 of the Texas Civil Practice and Remedies Code.

10. For further answer, if such be necessary, MNA alleges in the alternative that plaintiffs' alleged damages were proximately caused by, or in the alternative were solely

proximately caused by, acts, omissions, or fault of third parties for whose conduct MNA is not in any way liable or responsible.

11. For further answer, if such be necessary, MNA specifically pleads the provisions of Chapters 32 and 33 of the Texas Civil Practices and Remedies Code dealing with contribution and comparative responsibility, and requires that the damages be assessed in accordance with those provisions.

12. For further answer, if such be necessary, MNA specifically pleads Chapter 82 of the Texas Civil Practices and Remedies Code dealing with design defects, and requires plaintiffs to meet their burden of proof with regarding to all claims of design defect as specified in Chapter 82.

13. For further answer, if such be necessary, MNA alleges that plaintiffs' claims for damages may be barred in whole or in part, whether under the doctrine of comparative responsibility or failure to mitigate damages, by plaintiffs and/or their decedents' failures to utilize available and functional safety restraint devises. The same may constitute negligence *per se*, and MNA requests that the jury be so instructed.

14. For further answer, if such be necessary, MNA requests that in the event at the time of submission plaintiffs seek recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value, etc., that, in accordance with the statutory requirements imposed by TEX. CIV. PRAC. & REM. CODE § 18.091, the Court "instruct the jury as to whether any recovery for compensatory damages sought by the claimant is subject to federal or state income taxes."

15. For further answer, if such be necessary, with respect to plaintiffs' allegation of punitive or exemplary damages, MNA alleges as follows:

a. Plaintiffs' claims for punitive or exemplary damages against MNA cannot be sustained because an award of punitive damages in this case would contravene and violate Section 1 of the Fourteenth Amendment of the Constitution of the United States, which guarantees due process of law and equal protection of the laws; Article 1, Section 3 of the Texas Constitution, which guarantees equal protection of the law; and Article 1, Section 19 of the Texas Constitution, which guarantees due process. Plaintiffs' claims for punitive or exemplary damages are unconstitutional in the following respects:

b. Plaintiffs' claims for punitive or exemplary damages against MNA cannot be sustained because the standard for determining liability for punitive damages under Texas law is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which gives rise to such a claim and therefore violates MNA's constitutional due process rights under the Fourteenth Amendment of the United States Constitution and Article 1, Section 19 of the Texas Constitution.

c. Plaintiffs' claims for punitive or exemplary damages cannot be sustained against MNA in this case because Texas law does not (i) provide a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a punitive damages award, (ii) provide limits on punitive damages imposed by the applicable principles of deterrence and punishment, (iii) prohibit an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of MNA, and (iv) provide for judicial review on the basis of objective standards in violation of MNA's due

process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clauses of the Fifth Amendment as incorporated into the Fourteenth Amendment and by Article 1, Section 3 of the Texas Constitution, which guarantees equal protection of the law; and Article I, Section 19 of the Texas Constitution, which guarantees due process, and Article 1, Section 14 of the Texas Constitution, which guarantees against double jeopardy.

d. Plaintiffs' claims for punitive or exemplary damages against MNA cannot be sustained in this case because any award of punitive damages under Texas law without bifurcating the trial of all punitive damages issues and the failure of the Court to adopt other procedural constitutional safeguards in the submission of evidence relative to determining the size of any punitive damages award would violate the Fourteenth Amendment of the Constitution of the United States, which guarantees due process of law and equal protection of laws; Article I, Section 3 of the Texas Constitution, which guarantees equal protection of the laws; and Article I, Section 19 of the Texas Constitution, which guarantees due process of law.

e. Plaintiffs' claims for punitive or exemplary damages against MNA cannot be sustained in this case because imposition of a punitive damages award would violate the due process clauses of the Constitution of the United States and the Texas Constitution because the standard for the imposition of punitive damages lacks objective guidelines, invites the jury to engage in caprice and discrimination in the administration of the law and permits repeated and unlimited punishment for the same alleged misconduct.

f.  Plaintiffs' claims for punitive or exemplary damages against MNA cannot be sustained because an award of punitive damages under the Texas law for the purposes of compensating plaintiffs for elements of damage not otherwise recognized by Texas law would violate defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of Article 1, Section 19 of the Texas Constitution.

g.  Any award of punitive damages based on anything other than MNA's conduct in connection with the sale of the specific single tire that is the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and the due process clause of Article 1, Section 19 of the Texas Constitution and Article I, Section 14 of the Texas Constitution providing guaranty against double jeopardy, because any other judgment for punitive damages in this case cannot protect MNA against impermissible multiple punishment for the same alleged wrong.

h.  Plaintiffs' claims for punitive or exemplary damages against MNA cannot be sustained because any judgment for punitive damages in this case would constitute multiple punishment for the same alleged wrong and cannot protect MNA against multiple punishment for the same alleged wrong in future cases in violation of MNA's rights to due process and equal protection of the laws under the Fourteenth Amendment of the United States Constitution and Article I, Section 3 and 19 of the Texas Constitution.

i.  Alternatively, in the event the Court allows the jury to consider awarding

9

punitive damages despite the constitutional defects described above, MNA asserts that the cap on exemplary damages contained in Chapter 41 of the Texas Civil Practice & Remedies Code applies and limits the amount of exemplary damages which can be awarded.

### Reliance On Jury Demand

MNA relies upon the jury demands previously made by the parties to this action.

WHEREFORE, defendant Michelin North America, Inc. prays that plaintiffs take nothing by this suit, that MNA have judgment for its costs in this proceeding, and that the Court grant MNA such other and further relief as the Court may deem just and proper.

Respectfully submitted,

BROWN McCARROLL, L.L.P.
111 Congress Avenue
Suite 1400
Austin, Texas 78701-4043
(512) 472-5456
(512) 479-1169 (fax)


BY:_____
  Thomas M. Bullion III
  State Bar No. 03331005

ATTORNEYS FOR DEFENDANT
MICHELIN NORTH AMERICA, INC.

<u>CERTIFICATE OF SERVICE</u>

   I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record as set forth below by certified mail, return receipt requested, in compliance with the Federal Rules of Civil Procedure on this _____ day of September, 2004.

Juan A. Gonzalez
Law Office of Mark A. Cantu
1300 N. 10th Street, Suite 400
McAllen, TX  78501

Jaime Saenz
R. Patrick Rodriguez
Rodriguez, Colvin, Chaney & Saenz, L.L.P.
1201 East Van Buren (78520)
P. O. Box 2155
Brownsville, Texas 78522

                _____
                Thomas M. Bullion III

AUS:2190959.1
32302.114