IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARCOS SANCHEZ, INDIVIDUALLY AND, AS REPRESENTATIVE OF THE ESTATE OF NELSON NAPOLEON SANCHEZ<br><br>AIDO MANUEL GARRIDO AND IVON ELENA PARRA DE GARRIDO, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATES OF EVELIN CAROL GARRIDO DE SANCHEZ AND DANIEL ENRIQUE SANCHEZ GARRIDO, A MINOR;<br><br>MAXIMILIANO PEREZ CEBALLOS AND PETRA MARIA COLMENAREZ, INDIVIDUALLY AND AS REPRESENTATIVE OF PEDRO NORBERTO PEREZ COLMENAREZ<br><br>VS.<br><br>MICHELIN NORTH AMERICA, INC. AND FORD MOTOR COMPANY | § § § § § § § § § § § § § § § § § § § § § § § § | United States District Court<br>Southern District of Texas<br>FILED<br><br>OCT - 8 2004<br><br>Michael N. Milby, Clerk of Court<br><br><br><br>CIVIL ACTION NO. B-04-080 |

## MOTION TO ENLARGE TIME FOR DISCOVERY

1.   Plaintiffs are **Marcos Sanchez, Individually, and as Representative of the Estate of Nelson Napoleon Sanchez; Aido Manuel Garrido and Ivon Elena Parra De Garrido, Individually and as Representatives of the Estates of Evelin Carol Garrido de Sanchez and Daniel Enrique Sanchez Garrido, a Minor; Maximilliano Perez Ceballos and Petra Maria Colmenarez, Individually and as Representatives of the Estate of Pedro Norberto Perez Colmenarez;** Defendants are **Michelin North America, Inc. and Ford Motor Company.**

1

2. Plaintiffs sued Defendants for a defective 1999 Ford Explorer and defective BF Goodrich tire. Said defective vehicle and tire caused Plaintiff to lose control of the vehicle and subsequent a rollover, causing the occupants to suffered injuries and subsequent deaths.

3. Counsel for Plaintiffs were involved in a lengthy trial styled Cause No. 2003-01-251-G; Ezequiel Castillo, et al vs. Tipton Motor, Inc. – Brownsville, Tx; and Ford Motor Company concerning a different case, before Judge Limas in Cameron County, Texas that started pre trial matters August 19, 2004, and rested on or about September 29, 2004. In reviewing my notes of the deadlines taken down at the pre trial conference hearing held on or about August 20, 2004, I had difficulty understanding my notes.

4. It appears Plaintiffs were required to propound discovery to Defendant **Michelin North America, Inc.** September 30, 2004.

5. Plaintiffs filed this request for an extension as soon as they became aware of the need for additional time, which was after Defendant, **Michelin North America, Inc.** had been served with discovery on October 5, 2004. Defendant sent correspondence asking Plaintiff to withdraw the discovery served.

6. A court may grant a request for an extension of time filed after the deadline if the motion to enlarge time shows proof of good cause and the failure to act timely was the result of excusable neglect. Fed. R. Civ. P. 6(b)(2); *Donald v. Cook Cty. Sheriff's Dep't*, 95 F. 3d 548, 558 (7th Cir. 1996). In determining whether there is excusable neglect, the court should consider the following: (1) the prejudice to the nonmovant, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay and whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Yesudian v. Howard Univ.*, 270 F.3d 969, 971 (D.C. Cir. 2001); *MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F. 3d 1086, 1097 (3d Cir. 1995); see *Pioneer Inv. Servs. Co. v. Brunswick Assoc.*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498 (1993).

7. The court should grant Plaintiffs' request for additional time to serve the Forum Non Conveniens Discovery and consider the discovery served on October 5, 2004 as timely for the following reasons:

a. Due to counsel being in trial, counsel did not note there was a deadline apparently as early as September 30, 2004 to forward the discovery. Further, I am unsure due to poor handwriting of precisely when the deadline was.

b. Defendant, **Michelin North America, Inc.** will not be prejudiced by the enlargement of time.

c. The delay in serving **Defendant Michelin North America, Inc.** has not been unreasonable. Plaintiffs filed this request for an enlargement of time as soon as Plaintiffs became aware of the filing deadline and that the deadline had passed. The length of delay was 5 days.

d. The potential impact of the delay on judicial proceedings is not significant. The deadline to respond to discovery is not until November 12, 2004, given Defendant, **Michelin North America**, still 30 days.

e. The reason for delay is that Counsel was in a lengthy five-week trial in Cameron County, Texas.

f. Plaintiffs have acted in good faith.

**LAW OFFICE OF MARK A CANTU**
The Atrium
1300 N. 10th Street, Ste. 400
McAllen, Texas 78501
Telephone: (956) 687-8181
Fax: (956) 687-8868

By: _____
JUAN A. GONZALEZ
Attorney in Charge
State Bar No. 08129310
ATTORNEY-IN-CHARGE FOR PLAINTIFFS

### CERTIFICATE OF CONFERENCE

I, Juan A. Gonzalez, do hereby certify that my office attempted to contact Counsel for Defendants, but was unable to talk to them. However, due to the nature of this motion, I believe that Defendants are opposed.

Dated: October 8, 2004

JUAN A. GONZALEZ

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing instrument was forwarded via regular mail, certified mail return receipt requested, and/or telefax to the following counsel of record on this the 8th day of October 2004.

| | |
|---|---|
| Mr. Thomas M. Bullion, III<br>Attorney – In – Charge<br>Brown McCarroll, LLP<br>111 Congress Avenue, Suite 1400<br>Austin, Texas 78701 | CM, RRR  7002 3150 0006 8300 1716 |
| Mr. William R. Moye<br>Evan Kramer<br>Brown McCarroll, LLP<br>1111 Bagby<br>47th Floor<br>Houston, Texas 77002-2543 | CM, RRR 7002 3150 0006 8300 1723 |
| Mr. Jaime Saenz<br>Mr. R. Patrick Rodriguez<br>Rodriguez, Colvin, Chaney & Saenz, LLP<br>1201 East Van Buren (78520)<br>P.O. Box 2155<br>Brownsville, Texas 78522 | CM, RRR 7002 3150 0006 8300 1730 |

STATE OF TEXAS §

HIDALGO COUNTY §

### AFFIDAVIT OF JUAN A. GONZALEZ

On this day, Juan A. Gonzalez, appeared before me, the undersigned notary public. After I administered an oath to him, upon his oath, he said:

"My name is Juan A. Gonzalez. I am competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

Plaintiffs sued Defendants for a defective 1999 Ford Explorer and defective BF Goodrich tire. Said defective vehicle and tire caused Plaintiff to lose control of the vehicle and subsequent a rollover, causing the occupants to suffered injuries and subsequent deaths. Plaintiffs were involved in a lengthy trial styled Cause No. 2003-01-251-G; Ezequiel Castillo, et al vs. Tipton Motor, Inc. – Brownsville, TX; and Ford Motor Company, before Judge Limas in Cameron County, Texas that started pre trial matters August 19, 2004, and rested on or about September 29, 2004. In reviewing my notes of the deadlines taken down at the pre trial conference hearing held on or about August 20, 2004, I had difficulty understanding my notes. It appears Plaintiffs were required to propound discovery to Defendant Michelin North America, Inc. September 30, 2004. Plaintiffs filed this request for an extension as soon as they became aware of the need for additional time, which was after Defendant, Michelin North America, Inc. had been served with discovery on October 5, 2004. Defendant sent correspondence asking Plaintiff to withdraw the discovery served".

_____
Juan A. Gonzalez

SWORN TO and SUBSCRIBED before me by Juan A. Gonzalez on October ___8___, 2004.

_____
Notary Public in and for
the State of Texas

5