UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| JOSE DE JESUS BRICENO and ESTILITA MOYANO, Individually and as Representatives of the ESTATE OF JOSE GREGORIO MOYANO BRICENO, Deceased; and GERMANIA ODREMAN, Individually, <br><br> Plaintiffs, <br><br> vs. <br><br> FORD MOTOR COMPANY, <br><br> Defendant. | § § § § § § § § § § § § § § § §   Civil Action No. L-03-CV-146 |

## REPORT AND RECOMMENDATION AND ORDER

Pending before the Court are Defendant's motion to dismiss for *forum non conveniens* [Doc. No. 4], Defendant's motion to apply the law of Venezuela [Doc. No. 5], and Plaintiffs' motion to reconsider and to enlarge time to file Plaintiffs' response [Doc. No. 13]. Plaintiffs' motion is hereby **DENIED** for reasons discussed below. Having reviewed the parties' filings and the applicable law, this Court is of the opinion that Defendant's motion to dismiss for *forum non conveniens* should be **GRANTED**, and that Defendant's motion to apply the law of Venezuela should be **DENIED** as moot.

I.   **FACTS AND PROCEDURAL HISTORY**

Plaintiffs filed their original petition in 341st Judicial District of Webb County, Texas, on August 21, 2003. Defendant removed the case to this Court on September 26, 2003, asserting the




Court's diversity jurisdiction under 28 U.S.C. §1332. Plaintiffs are citizens of Venezuela; Defendant is a Delaware corporation with its principle place of business in Michigan. Although Plaintiffs do not specify a numerical value for the damages they claim, the types of damages claimed make it clear that the amount in controversy exceeds $75,000.

Plaintiffs' claims arise from an automobile accident that occurred in Venezuela on August 21, 2001. Roberto Antonio Blanco Silva was driving a 1998 Ford Explorer Sport Wagon, VIN AJU3WP-33721, ("Explorer") owned by Germania Odreman, on Via Tumeremo in Estado de Bolivar, Venezuela. Jose Gregorio Moyano Briceno was a passenger in the vehicle. At approximately 11:50 a.m., the Explorer was involved in a single-vehicle rollover crash that resulted in Briceno's death. Plaintiffs allege causes of action for negligence and strict liability based on the design, manufacture, testing, and marketing of the Explorer.

Defendant filed motions to transfer venue and to dismiss for *forum non conveniens* with its original answer in state court on September 19, 2003. Defendant filed a brief in support of its motion to dismiss for *forum non conveniens* in this Court on November 26, 2003. Defendant also filed a motion to apply the law of Venezuela on November 26, 2003. Plaintiffs filed an untimely and cursory "Preliminary Opposition" to these motions on December 31, 2003, and requested time for discovery on the *forum non conveniens* and conflict of law issues in the case. At a hearing on January 8, 2004, the parties argued Plaintiffs' motion for discovery on these issues. This Court denied Plaintiffs' motion for a discovery schedule on January 22, 2004.

On February 11, 2004, Plaintiffs filed the present motion to reconsider and to enlarge time to file responses to Defendant's motions. On the same date, Plaintiffs filed a response to

2

Defendant's motion to dismiss and a response to Defendant's motion to apply Venezuelan law, without requesting leave of Court to file these responses.

## II. PLAINTIFFS' MOTION TO RECONSIDER AND TO ENLARGE TIME

Plaintiffs filed their motion to reconsider and to enlarge time to file Plaintiffs' response on February 11, 1004. In the motion, Plaintiffs ask the Court to reconsider its earlier rulings that Plaintiffs were late in filing responses to Defendant's motions and that *forum non conveniens* discovery is not necessary.

### A. Motion to Reconsider

On January 22, 2004, the Court denied Plaintiffs' motion for discovery on the issues of *forum non conveniens* and conflict of law issues. The Court stated at that time that it had an adequate factual basis to decide *forum non conveniens* questions. The Court still believes this is the case. The Court would only add that the facts pertinent to the *forum non conveniens* analysis are uncontested and clear from the parties' filings. The record reflects facts about the availability and adequacy of the alternative forum, the location of witnesses and other sources of evidence, the site of the alleged injury, the parties' residence, the location where the parties' relationship is centered, and other relevant facts. Upon reconsideration, the Court confirms its earlier ruling that discovery on *forum non conveniens* and conflict of laws is not necessary.

### B. Motion to Enlarge Time to Respond

Plaintiffs failed to respond to Defendant's motion to dismiss or to Defendant's motion to apply the law of Venezuela by December 16, 2003, i.e. within 20 days from filing. *See* S.D. Tex.

3

Rules 7.3, 7.4A.[1] Under Local Rule 7.4, this failure to respond is "taken as a representation of no opposition." S.D. Tex. Rule 7.4. Plaintiffs did not request an enlargement of time to respond until February 11, 2004, nearly two months after the response period had expired. If the original response period has expired, the Court may extend the time for responding, upon motion, when "the failure to act was the result of excusable neglect." Fed.R.Civ.P. 6(b). The burden of establishing excusable neglect falls on the party requesting enlargement. *Bernhardt v. Richardson-Merrell, Inc.*, 892 F.2d 440, 444 (5th Cir. 1990). "Inadvertence or mistake of counsel or ignorance of the rules usually will not constitute excusable neglect." *In re Dahlgren Intern., Inc.*, 147 B.R. 393, 406 (N.D. Tex. 1992) (discussing excusable neglect under Rule 6(b)).

Plaintiffs argue that the reason for their delay in responding was Plaintiffs' interpretation of Local Rule 16[2] in conjunction with Local Rule 7. Plaintiffs' belief that the response period in Local Rule 7 would not come into effect until after the Rule 16 scheduling conference is incorrect. Plaintiffs' assertion that a lawsuit is "made active by virtue of the entering of a scheduling order"

---

[1] Local Rule 7.3 Submission. "Opposed motions will be submitted to the judge *twenty days from filing* without notice from the clerk and without appearance of counsel." (emphasis added).
Local Rule 7.4 Responses. "Failure to respond will be taken as a representation of no opposition. Responses to motions
   A. *Must be filed by the submission day*;
   B. Must be written;
   C. Must include or be accompanied by authority; and
   D. Must be accompanied by a separate form order denying the relief sought."
(emphasis added).

[2] Plaintiff cites Local Rule 16.1, which discusses the initial pretrial conference and scheduling order. The rule states, in part:
"A scheduling order setting cut-off dates for new parties, motions, expert witnesses and discovery, setting a trial date, and establishing a time framework for disposition of motions will be entered at the conference."

is likewise erroneous.[3] In fact, Local Rule 16 states that a scheduling order entered by the Court may establish a time for the *disposition* of motions, not a deadline for responding to motions. Plaintiffs' arguments on this point are wholly unpersuasive. Plaintiffs' explanations for their untimeliness in responding do not constitute excusable neglect. Plaintiffs' motion is therefore DENIED.

Plaintiffs protest that Defendant's motion to transfer venue and motion to dismiss for *forum non conveniens*, as brought in conjunction with Defendant's original answer, do not contain the certificate of conference required by Local Rule 7.1D. However, as Defendant points out, a certificate of conference is not required in state court, where these motions were filed. In addition, Defendant's filing in this Court on November 26, 2003 is a brief in support of its motion to dismiss. Rule 7.1 does not require briefs to be accompanied by a certificate of conference. Moreover, Plaintiffs have waived such procedural objections due to their tardiness in raising them.

## III.   DEFENDANT'S MOTION TO DISMISS FOR *FORUM NON CONVENIENS*

As discussed above, Plaintiffs did not timely respond to Defendant's motion to dismiss for *forum non conveniens*. "Although failure to respond to a motion will be considered a statement of no opposition, the court is not required to grant every unopposed motion." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993); *see generally* S.D. Tex. Rule 7.4. Defendant bears the burden of persuasion on all elements when considering dismissal under the doctrine of *forum non conveniens*. *In re Air Crash Disaster near New Orleans, La. on July 9, 1982*, 821 F.2d 1147, 1164 (5th Cir. 1987), *vacated on other grounds sub nom., Pan American World*

---

[3] Plaintiffs' Motion and Memorandum in Support to Reconsider and to Enlarge Time to File Plaintiffs' Response to Defendant's Motion to Dismiss for *Forum non conveniens* and to Apply Venezuelan Law at ¶ 9(e).

5

*Airways Inc. v. Lopez*, 490 U.S. 1032, *reinstated save as to damages under original nom.*, 833 F.2d 17 (5th Cir. 1989).

Federal courts sitting in diversity rely on federal law to decide *forum non conveniens* motions when the alternative forum is a foreign court. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). To obtain dismissal under the *forum non conveniens* doctrine, Defendant must show (1) the existence of an available and adequate alternative forum and (2) that the relevant private and public interest factors favor dismissal. *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 671 (5th Cir. 2003). The underlying consideration is "where the trial will best serve the parties and the ends of justice." *Koster v. (American) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 527 (1947).

### A. Availability and Adequacy of Alternative Forum

#### 1. Availability of Alternative Forum

A forum is considered "available" for *forum non conveniens* considerations if the entire case and all parties can come within its jurisdiction. *Vasquez*, 325 F.3d at 671. In the case at hand, Venezuelan courts are an available alternative forum. Plaintiffs are Venezuelan citizens and may avail themselves of Venezuelan courts for resolution of claims arising from an accident occurring in Venezuela. Defendant has stated that it will submit to jurisdiction in Venezuelan courts as well.[4] *Veba-Chemie, A.G. v. M/V Getafix*, 711 F.2d 1243, 1245 (5th Cir. 1983) ("[D]efendant's submission to the jurisdiction of an alternative forum renders that forum available for the purposes of *forum non conveniens* analysis").

---

[4] *See* Def.'s Brief to Support Mot. to Dismiss for *forum non conveniens* at ¶ 9.

### *2. Adequacy of Alternative Forum*

An alternative forum is adequate if "the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy the same benefits as they might receive in an American court." *Gonzalez v. Chrysler Corp.*, 301 F.3d 377, 379-80 (5th Cir. 2002) (citation and internal quotation marks omitted). In *Gonzalez*, the Fifth Circuit held that Mexican courts were an adequate alternative forum even though the jurisdiction did not allow strict liability claims and limited damages to the point that bringing the claims was not economically viable. *Id.* The fact that a jurisdiction allows plaintiff's cause of action at all, even with severe damages caps, renders it an adequate forum. *Vasquez*, 325 F.3d at 672 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981)).

Defendant has shown that Venezuelan courts provide a remedy for Plaintiffs' causes of action. Even if that remedy is more limited than that allowed under Texas law, Venezuelan courts are an adequate forum for Plaintiffs' claims. Disadvantageous law in the alternative forum is only given substantial weight by the Court if "the remedy provided by the alternative forum [is] so clearly inadequate or unsatisfactory such that it is no remedy at all." *In re Air Crash Disaster*, 821 F.2d at 1164. Even if under Venezuelan law Plaintiffs' claims are not economically viable, the forum is considered adequate. *See Vasquez*, 325 F.3d at 671. Plaintiffs have a remedy available through Venezuelan courts, and the jurisdiction is thus an adequate alternative forum.

### B. Private and Public Interest Factors

Since Defendant has shown that there exists an available and adequate alternative forum, the Court next turns to the policy considerations of the *forum non conveniens* analysis. There is ordinarily a presumption in favor of plaintiff's choice of forum, which is outweighed only by private

7

and public interest factors that clearly point to the alternative forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981). However, when plaintiffs are citizens of a foreign country, their choice of forum is given less deference. *Id.*; *Vasquez*, 325 F.3d at 672.

### 1. Private Interest Factors

Private interest factors relevant to the *forum non conveniens* inquiry include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process for the attendance of unwilling witnesses, and the cost of obtaining attendance of willing witnesses; (3) the possibility of viewing the premises, if appropriate to the action; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Piper Aircraft*, 454 U.S. at 241 (citation omitted); *Vasquez*, 325 F.3d at 672.

In this case, the private interest factors clearly point to the alternative forum of Venezuela. First, witnesses with knowledge of the accident and the accident investigation reside in Venezuela. Second, all reports and documents from the accident investigation are in Spanish; translating these and other relevant documents would be expensive. Third, the accident site is in Venezuela, making access to the site much more convenient to a Venezuelan court. Fourth, this Court could not compel the attendance of the many witnesses located outside the Court's jurisdiction. Fifth, it would be costly to obtain the attendance of willing witnesses in this Court. Sixth, a Venezuelan court would have the possibility of viewing the premises of the accident, while this Court does not. These and all other practical problems that make trial of a case easy, expeditious, and inexpensive clearly favor Venezuelan courts as the appropriate forum.

### 2. *Public Interest Factors*

The relevant public interest factors also clearly point to the alternative forum of Venezuela. These factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; (4) the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; (5) and the unfairness of burdening citizens in an unrelated forum with jury duty. *Piper Aircraft*, 454 U.S. at 241; *Vasquez*, 325 F.3d at 673.

First, the administrative difficulties in handling the case in this Court are substantial. This Court has an immense criminal case load, and trying the case in this forum would be burdensome. Second, the case has very little, if any, connection to the Laredo Division. There is no local interest in having this controversy decided in this forum. Even the alleged negligent design of the Explorer does not give this forum a local interest because identifying the design as the wrongful conduct "reaches back too far in the accident's causal chain." *Vasquez*, 325 F.3d at 674 ("Identifying the situs of the wrongful conduct as an American designer's drawing board ignores the production, sale, and alleged failure of the product, which all occurred in [the alternative forum]") (discussing the "local interest" factor of the *forum non conveniens* analysis). However, Venezuela has a significant interest in local resolution of claims brought by Venezuelan citizens, about products purchased and used in Venezuela, and which caused injury in Venezuela.

Third, the law of Venezuela would govern this case and this Court is not at home with Venezuelan law. A federal court sitting in diversity applies the conflict-of-laws rules of the state in which it sits. *Vasquez*, 325 F.3d at 674 (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487,

9

496 (1941)). Texas courts use the "most significant relationship" test to determine conflict of laws questions. *Gutierrez v. Collins*, 583 S.W.2d 312, 318-19 (Tex. 1979). The most significant relationship test examines four factors: (1) the place where the injury occurred; (2) the place where the injury causing conduct occurred; (3) the parties' residence; and (4) the place where the relationship, if any, between the parties is centered. *Vasquez*, 325 F.3d at 674. In this case, the injury occurred in Venezuela, the parties reside in Venezuela, and the relationship between the parties is centered in Venezuela. Since the wrongful act is not the design of the vehicle as Plaintiffs allege,[5] it is unclear where the conduct causing the injuries occurred. However, even if the conduct causing the injury could somehow be connected to this forum, the balance of the factors weigh heavily towards the application of Venezuelan law.

The most significant relationship test then evaluates these factors in conjunction with several policy considerations. These include: (1) the needs of the interstate and international systems; (2) the relevant policies of the forum; (3) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue; (4) the protection of justified expectations; (5) the basic policies underlying the particular field of law; (6) certainty, predictability, and uniformity of result; and (7) ease in determination and application of the law to be applied. *Vasquez*, 325 F.3d at 674. These policies, especially the fourth, sixth, and seventh considerations, strongly favor the application of Venezuelan law.

The fourth public interest factor in the *forum non conveniens* analysis, particularly the interest in avoiding the application of foreign law, points to trial in Venezuela. Finally, trial in this Court

---

[5]*See Vasquez*, 325 F.3d at 674 ("The linchpin of plaintiff's argument–that the alleged wrongful act was the original design of the vehicle and tires–reaches back too far in the accident's causal chain").

10

would unfairly impose jury duty on the citizens of this jurisdiction, who have very little local interest in having this controversy decided here. The public interest factors clearly favor Venezuela as the appropriate forum for Plaintiffs' claims.

### C. Conclusion

Venezuela is considered an available forum because the entire case and all parties can come within its jurisdiction. It is also an adequate forum, as Venezuelan law provides a remedy for Plaintiffs' causes of action. The applicable private interest factors clearly point to Venezuela as the proper forum. The Court's conflict-of-laws analysis under Texas law, including the most significant relationship test, indicates that Venezuelan law should apply to Plaintiffs' claims. Therefore the public interest factors all clearly indicate that Venezuela is the correct forum. The entire *forum non conveniens* analysis shows that the convenience of the parties and the ends of justice are better served by dismissal of the case in this Court for *forum non conveniens* and trial in Venezuela.

### IV.   DEFENDANT'S MOTION TO APPLY THE LAW OF VENEZUELA

Because the Magistrate Court recommends that the case be dismissed on grounds of *forum non conveniens*, the Court also recommends that Defendant's motion to apply the law of Venezuela be DENIED as moot. However, should the District Court allow the case to remain in this Court, the Magistrate Court is of the opinion that Defendant's motion to apply the law of Venezuela should be granted, based on the application of Texas conflict-of-laws principles as discussed above.

11

## V. RECOMMENDATIONS

Based on the above information, the Magistrate Court recommends that the District Court GRANT Defendant's motion to dismiss for *forum non conveniens* and dismiss all claims with prejudice. The Magistrate Court also recommends that the District Court: (1) order Defendant to submit to the jurisdiction of Venezuelan courts and to service of process in Venezuela, as Defendant has offered to do; (2) order Defendant to pay any judgment rendered against it by the appropriate Venezuelan court; (3) order Defendant to make witnesses and evidence available to Plaintiffs in the appropriate Venezuelan court; (4) preclude Defendant from pleading statute of limitations or any jurisdictional bar in the courts of Venezuela; and (5) allow the parties to return to this jurisdiction for further proceedings if the courts of Venezuela refuse to grant access to either Plaintiffs or Defendant. Finally, the Magistrate Court recommends that the District Court DENY as moot Defendant's motion to apply the law of Venezuela.

## VI. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after being served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations and, except upon grounds of plain error, shall bar the party from appellate review of proposed factual

12

findings and legal conclusions accepted by the District Court to which no objections were filed. *See*, 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglas v. United States' Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. *en banc* 1996).

The clerk is directed to send a copy of this Report and Recommendation to all parties.

DONE at Laredo, Texas, this 24th day of March, 2004.

ADRIANA ARCE-FLORES
United States Magistrate Judge