IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 0 3 2005

Michael N. Milby
Clerk of Court

| | |
|---|---|
| MARCOS SANCHEZ, INDIVIDUALLY AND, §<br>AS REPRESENTATIVE OF THE ESTATE OF §<br>NELSON NAPOLEON SANCHEZ §<br>§<br>AIDO MANUEL GARRIDO AND IVON ELENA §<br>PARRA DE GARRIDO, INDIVIDUALLY AND §<br>AS REPRESENTATIVES OF THE ESTATES §<br>OF EVELIN CAROL GARRIDO DE SANCHEZ §<br>AND DANIEL ENRIQUE SANCHEZ §<br>GARRIDO, A MINOR; §<br>§<br>MAXIMILLIANO PEREZ CEBALLOS §<br>AND PETRA MARIA COLMENAREZ, §<br>INDIVIDUALLY AND AS REPRESENTATIVE §<br>OF PEDRO NORBERTO PEREZ §<br>COLMENAREZ §<br>§<br>VS. §<br>§<br>GOODRICH CORPORATION F/K/A §<br>B.F. GOODRICH COMPANY; AND §<br>FORD MOTOR COMPANY § | CIVIL ACTION NO. B-04-080 |

---

**MICHELIN NORTH AMERICA, INC. AND FORD MOTOR COMPANY'S JOINT REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO APPLY THE LAWS OF VENEZUELA**

---

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COME NOW, Defendants, MICHELIN NORTH AMERICA, INC. and FORD MOTOR COMPANY ("Defendants") and file this Reply to Plaintiffs' Response to Motion to Apply the Laws of Venezuela, and would respectfully show unto this Honorable Court as follows:

**I.    NO TEXAS CONNECTION**

Applying the laws of Texas and the Fifth Circuit, this matter at bar has absolutely no connection to Texas. *See Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665 (5th Cir. 2003).

None of the factors in the "significant-relationship test" occurred in Texas. *See id.* The plaintiffs are Venezuelan citizens; the accident occurred on a Venezuelan highway; the principle case specific witnesses are in Venezuela; the physical evidence is in Venezuela; the vehicle was owned by Venezuelan residents; the vehicle was registered in Venezuela; the injured passengers and the driver were treated by Venezuelan medical providers; the vehicle was not manufactured, designed, assembled, marketed or sold in Texas. Defendant Ford is a Delaware corporation with its principal place of business in Michigan. Defendant Michelin is a New York Corporation with its principal place of business in South Carolina.

Plaintiffs' argument is an attempt to bootstrap a Texas connection by claiming that products *similar* to the ones made the basis of this suit are used by Texas consumers. Plaintiffs' cited legal authority directly contradicts this position. *See Crisman v. Cooper Industries, d/b/a/ Gardner-Denver Co.,* 748 S.W.2d 273, 278 (Tex. App.—Dallas, 1988, writ denied). In making a choice of law determination, the fact that a manufacturer conducts some part of its business in Texas, that is unrelated to the subject matter of the present suit, carries no weight for applying the laws of Texas. *See id.* Accordingly, Texas law does not apply and no further analysis should be warranted. However, Defendants will address some of the Plaintiffs' more egregious misconstructions of legal authority.

## II. MOST SIGNIFICANT RELATIONSHIP TEST OVERWHELMINGLY FAVORS VENEZUELA—DEFENDANTS' CONDUCT WAS NOT IN TEXAS

Plaintiffs seek to elevate and rely solely on one factor in the significant relationship test, the place where the injury causing conduct occurred. However, there are four factors to consider: the place where the injury occurred (Venezuela), the place where the conduct causing the injury occurred (Venezuela), the domicile, residence, nationality, place of incorporation and place of business of the parties (Plaintiffs—Venezuela, Defendants--not Texas) and the place where the relationship, if any, between the parties is centered (Venezuela). Plaintiffs claim that

the conduct causing the injury occurred in the United States, *not Texas*. Plaintiffs allege without any factual support that the product was designed, manufactured and marketed in the United States, *not Texas*. It does not matter if the "place where the injury causing conduct occurred" somewhere in the United States, it must have occurred in Texas to apply Texas law to the present case. *See Crisman,* 748 S.W.2d at 278. The subject vehicle was not designed, manufactured, assembled, marketed, placed into the stream of commerce or sold in Texas. Regardless, the *Vasquez* court concluded that "[e]ven if the design of the tires and the vehicles is characterized as the conduct causing the injury, the aggregate of the other specific contacts favors application of Mexican law." *Vazquez,* 325 F.3d at 674. Similar to the *Vasquez* significant relationship factors, the factors in the present case, such as the accident location, the residence of the Plaintiffs and the relationship between the parties, all point only to Venezuela.

Plaintiffs' reliance upon *Melton v Borg-Warner Con.*, as support for the application of Texas law is misplaced. *Melton v Borg-Warner Con.*, 467 F. Supp. 983, 986 (W.D. Tex. – 1979). In *Melton,* the plaintiffs were domiciled in Texas, and the aircraft that crashed was manufactured, assembled, prepared for shipment, delivered into the stream of commerce, and partially designed in Texas. The *Melton* court decided to apply the laws of Texas under those circumstances. The facts of the present case are clearly distinguishable as set forth above.

Similarly, Plaintiffs' reliance upon *Crisman* is also misplaced. In *Crisman* the product was manufactured in Illinois, placed into the stream of commerce in Florida, owned and under the control of a Florida resident, the plaintiffs were residents of Tennessee, the defendant was incorporated under the laws of Ohio and had a principal business office in Texas. *See Crisman,* 748 S.W.2d at 275. Applying the "most significant relationship" test, the *Crisman* court found that Florida, not Texas had the most significant relationship. *See id.* Even though the product manufacturer had a principal business office in Texas, the Court held that the business conducted

by the product manufacturer in Texas was completely unrelated to the plaintiffs' cause of action, because there was evidence that the specific product at issue was not manufactured in Texas, designed in Texas or placed into the stream of commerce in Texas. *See id.* at 277. The fact that the manufacturer "conducts some part of its business, unrelated to the subject matter of the present claim, in Texas and maintains its principal place of business in Texas carries no weight in our determination of whether Texas or Florida substantive law is applicable to the strict products liability claim in the present case." *See id.* at 278. As in *Crisman*, neither the vehicle nor the tires in the present case were manufactured, designed or placed into the stream of commerce in Texas.

### III.   TEXAS DOES NOT HAVE A STRONG INTEREST IN LITIGATING THIS MATTER

Plaintiffs' Reply Brief incorrectly asserts that Texas has a strong interest in resolving the liability of corporations that sell like-kind products that allegedly cause damage to plaintiffs the world over. If Texas had a strong interest in resolving such claims, as Plaintiffs suggest, the appropriate vehicle would be an action by the Texas Attorney General's Office rather than the wholesale opening of Texas courts to a flood of unrelated foreign litigation. Also, assuming that Texas had such an interest in resolving the liability of corporations that sell like-kind products to Texans, it would need to choose the law that "achieves the best possible accommodation" of both nations' policies. *Vasquez,* 325 F.2d at 674. In making this evaluation, the Fifth Circuit has concluded the application of Texas law effectively ignores precedent and undercuts Venezuela's right to create a hospitable climate for investment. *See id.*

#### A.   The needs of the Interstate and International Systems Do Not Favor the Application of Texas Law over Venezuelan Law

Plaintiffs' argument that Texas law should apply because of interstate commerce concerns regarding the marketing of *similar* dangerously defective goods to consumers in Texas

is without merit. The plaintiffs in *Crisman* made a similar argument. There, the court stated that Texas had no greater interest than Florida. *Crisman*, 748 S.W.2d at 278. The scales were tipped in favor of applying Florida law, because the product was originally sold in Florida and only used there. *See id.* Likewise, in the present case, there is no evidence that the vehicle was ever sold or used in Texas.

Plaintiffs attempt to muddy the waters by claiming that Texas law should apply because Defendants have agents for service in Texas. This is not relevant to a choice of law determination but rather goes to the issue of whether Ford and Michelin can be sued in a Texas court.

### B.   The Relevant Policies of Texas Favor Applying the Laws of Venezuela

Plaintiffs' attempt to apply the laws of Texas by relying upon section 71.031 of the Texas Civil Practice and Remedies Code is also without merit. "Although a Texas court may be the proper forum in which to try a wrongful death action based on acts or omissions committed elsewhere under section 71.031 of the Texas Civil Practice and Remedies Code, Texas must apply the law of the jurisdiction which has the most significant relationship to the case." *Crisman,* at 748 S.W.2d at 279.

### IV.   THERE IS A TRUE CONFLICT OF LAWS

Plaintiffs' claim that a false conflict exists because only one forum, Texas, has an interest at stake is unfounded. Contrary to Plaintiffs' interpretation of *Ford v. Aguiniga*, the San Antonio Court of Appeals *did* find there was a conflict between the laws of Texas and Mexico. After recognizing the existence of a real conflict, the court simply decided to disregard that conflict because it found the fact that the plaintiffs were Texas residents and the vehicle was operated and

inspected in Texas favored applying Texas law over Mexican law.[1] Undoubtedly, the *Vasquez* court could have considered a "false conflict" between the laws of Texas and Mexico but it did not. Plaintiffs' false conflict argument is without merit.

V.    **PRAYER**

Defendants Michelin North America, Inc. and Ford Motor Company request that the Plaintiffs' claims in this case be governed by and decided under the substantive law of Venezuela.

                          Respectfully submitted

By: *Thomas Bullion* by permission  *Bn C. M*
    Thomas M. Bullion III
    Attorney-In-Charge
    SDTX No.: 14690
    Texas Bar No. 03331005

<u>OF COUNSEL</u>:
Evan N. Kramer
SDTX No.: 12346
Texas Bar No.: 11704650
William R. Moye
SDTX No.: 34007
Texas Bar No.: 24027553
BROWN MCCARROLL, L.L.P.
1111 Bagby, 47th Floor
Houston, Texas 77002
(713) 529-3110; Fax: (713) 525-6295

                          COUNSEL FOR DEFENDANT
                          MICHELIN NORTH AMERICA, INC.

---

[1] Ford does not agree with the opinion in *Aguiniga*, it only attempts to distinguish the application of *Aguiniga* from the present case.

By: _/s/ Jaime Saenz by permission B-C/sl_
Jaime Saenz
Attorney-In-Charge
SDTX No.: 7630
Texas Bar No.: 17514

OF COUNSEL:
Paul Rodriguez
SDTX No.: 22949
Texas Bar No.: 24002861
RODRIGUEZ, COLVIN,
CHANEY & SAENZ, L.L.P.
1201 East Van Buren (78520)
P. O. Box 2155
Brownsville, Texas 78522
(956) 542-7441; Fax: (956) 541-2170

COUNSEL FOR DEFENDANT
FORD MOTOR COMPANY

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Michelin North America, Inc. and Ford Motor Company's Joint Reply to Plaintiffs' Response to Motion to Apply the Laws of Venezuela has been forwarded by U.S. Certified Mail, Return Receipt Requested, to all known counsel of record as shown below on this _30_ day of _December_, 2004.

_/s/ William R. Moye by permission B-C/sl_
WILLIAM R. MOYE

Juan A. Gonzalez
Ricardo Benavides
THE LAW OFFICES OF MARK A. CANTU
The Atrium
1300 N. 10th Street, Suite 400
McAllen, TX 78501