United States District Court
Southern District of Texas
ENTERED

MAR 2 2 2005

Michael N. Milby, Clerk of Court
By Deputy Clerk ⸺⸺⸺

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# —BROWNSVILLE DIVISION—

| | | |
|---|---|---|
| MARCOS SANCHEZ, Individually and as Representative of the Estate of Nelson Napoleon Sanchez, | § § § § | |
| AIDO MANUAL GARRIDO and IVON ELENA PARRA DE GARRIDO, Individually and as Representatives of the Estates of Evelin Carol Garrido de Sanchez and Daniel Enrique Sanchez Garrido, a Minor, | § § § § § § § § | |
| MAXIMILLIANO PEREZ CEBALLOS and PETRA MARIA COLMENAREZ, Individually and as Representatives of Pedro Norberto Perez Colmenarez, Plaintiffs, | § § § § § § | CIVIL ACTION NO. B-04-080 |
| VS. | § § § | |
| GOODRICH CORP., f/k/a B.F. Goodrich Co., FORD MOTOR COMPANY, and MICHELIN NORTH AMERICA, INC. Defendants. | § § § § | |

## MEMORANDUM OPINION

This Court now considers the Joint Motion to Dismiss for *Forum Non Conveniens* filed by

Michelin North America, Inc. and Ford Motor Company, the response thereto filed by Plaintiffs,

and Defendants' reply. *Docket Nos. 8, 16, 17.* The Court, finding the Motion to be meritorious,

hereby **GRANTS** the same.

This case involves a single vehicle accident that occurred in Venezuela in 2002. The

accident occurred in Maracay in the Venezuelan state of Aragua. The vehicle in question was a

1999 Ford Explorer Sport Wagon and the tire in question was a B.R. Goodrich Radial All Terrain

T/A. The plaintiffs are all Venezuelan citizens; so, too, were the decedents.

This Court addressed almost identical issues in *Morales v. Ford Motor Co.*, 313 F.Supp.2d 672 (S.D. Tex. 2004). In fact, Plaintiffs' attorneys are the same as in *Morales* and they make the same arguments that were rejected by this Court in that lengthy opinion. Plaintiffs fail to bring to the Court's attention any new arguments or information that would affect this Court's analysis of any of the *forum non conveniens* factors.

That being the case, the Court will not discuss the law of *forum non conveniens* in detail. Suffice it to say, that once there is a determination that there exists an available and adequate alternative forum, the Court then reviews the prevailing private interest factors, which include: (1) ease of access to sources of proof, (2) availability of compulsory process for the attendance of the unwilling, (3) availability to view the accident site, and (4) other factors affecting the case, speed, expense of trial, and/or the enforceability of judgment. Finally, the Court can then consider public interest factors which include: (1) court congestion, (2) local interest in having controversies decided at home, (3) the interest in having a local forum which is familiar with the law that must control the case, (4) the duty to avoid unnecessary conflicts-of-law problems, and (5) the unfairness of burdening citizens with jury duty in a matter unrelated to the forum.

Like the parties in *Morales*, the parties in this matter do not dispute the adequacy of the Venezuelan courts. Rather, they dispute their availability. Plaintiffs argue that because they are unwilling to submit their case to the Venezuelan judiciary, Venezuela is an unavailable forum. However, this Court already rejected such an argument in *Morales* and rules that because Defendants have expressly availed themselves of the jurisdiction of the Venezuelan courts, Venezuela is an available forum.

2

The private factors in this case favor a trial in Venezuela.[1] These factors are almost identical to the ones discussed in *Morales*. All of the decedents, including the driver, were Venezuelan citizens. The plaintiffs are all Venezuelan citizens. The accident took place in Venezuela. The vehicle in question was manufactured and sold in Venezuela. The accident investigation was conducted in Venezuela by Venezuelan officials. These and other Venezuelan witnesses cannot be compelled to testify in the United States. Plaintiffs allege that the evidence they want from the defendants is located in the United States. This is, no doubt, true but that evidence can easily be produced to Plaintiffs' counsel for use in Venezuela. Additionally, that factor is offset by the fact that the rest of the evidence is in Venezuela. The public factors (except for court congestion) also favor the defendants' motion.

Consequently, based upon binding Fifth Circuit authority and upon its own *forum non conveniens* analysis summarized above, this Court **GRANTS** the joint motion to dismiss (Docket No. 8) under the following conditions:

1.      Defendants shall submit to the jurisdiction of the appropriate Venezuelan court in which Plaintiffs have filed suit;

2.      Defendants shall waive any statute of limitations or jurisdictional defenses that could be posed in the Venezuelan court;

3.      Defendants shall make available in Venezuela all relevant documents and witnesses

---

[1]      The plaintiffs in this case make the same argument as the plaintiffs in *Morales* that the Treaty of Peace, Friendship, Navigation, and Commerce, Jan. 20, 1836, U.S.–Venez., art. 13, 8 Stat. 466, *available at* 1836 WL 3643, of which the United States and Venezuela are both signatories, entitles them to be treated as if they were United States citizens in this lawsuit. After a lengthy discussion, this Court in *Morales* declined to decide this issue because the private interest factors weighed heavily in favor of trial in Venezuela. Plaintiffs in this case fail to bring forth any information that would change the Court's decision regarding this issue in present matter.

within their control;

4.    Defendants shall bear any translation-related expenses concerning the testimony of their English-speaking witnesses at trial;

5.    Defendants agree to satisfy any Venezuelan judgment, subject only to whatever appellate rights they may enjoy in that forum; and

6.    Defendants shall agree to the reassertion of jurisdiction by this Court in the event that they fail to satisfy any final judgment.

Should Defendants fail to meet any of these conditions, this Court will re-assume jurisdiction over this case. In keeping with the conditional nature of this order of dismissal, dismissal of the case from the Court's docket shall become effective once Defendants have tendered a written statement assenting to be bound by the foregoing conditions. Should Defendants fail to do so within ten (10) business days of the entry of this order, their *forum non conveniens* motion will be considered waived and this case will proceed to trial in this Court.

Signed this 22nd day of March, 2005.

Andrew S. Hanen
United States District Judge